■ In the Matter of WHITE PLAINS NURSING HOME, Respondent, v ROBERT P. WHALEN, as Commissioner of Health, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered October 9, 1975 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a determination of the health department. The present controversy arises from a determination by the appellants to lower the petitioner's Medicaid reimbursement rate. The determination was based upon a finding that a contract between petitioner and Cambridge Care Center to provide nursing care for petitioner was not an arm's length transaction. Significantly, included in the lowered 1975 rates was an adjustment to recoup overpayments found for the years 1972 through 1974. As a preliminary matter, we note that this article 78 proceeding is an improper vehicle to challenge administrative rate making. "An article 78 proceeding, it is settled, may not be utilized to review legislative action [citations omitted], and an order of an administrative agency * * * is deemed a legislative act, at least where no provision has been made for notice and a hearing" *(Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 407; see, also, *Matter of Kovarsky v Housing & Development Admin. of City of N. Y.,* 31 NY2d 184). As administrative rate

making is the central issue in this case, we hereby exercise our discretion and convert this proceeding into one for a declaratory judgment (CPLR 103, subd [c]; *Matter of Broadacres Skilled Nursing Facility v Ingraham,* 51 AD2d 243). Special Term concluded that the determination was not supported by substantial evidence and granted judgment vacating the determination and remitting the matter "for proper proceedings and determination", including a hearing. Although there is no provision for notice and a hearing to challenge a Medicaid rate determination of the Department of Health (see Public Health Law, art 28; 10 NYCRR Part 86; *Matter of Broadacres Skilled Nursing Facility v Ingraham, supra),* we are of the view, although not necessarily for reasons the same as those set forth by Special Term, that the unique facts and circumstances of the instant proceeding mandate a hearing. By letter dated January 27, 1975, petitioner was advised that its Medicaid reimbursement rate had been reduced and that "The revised rate is effective for the period February 1, 1975 through December 31, 1975 and *includes an adjustment for the years 1972, 1973, 1974 and for January of 1975"* (emphasis supplied). Although it is clear that a private nursing home has no property right in prospective Medicaid rates *(Matter of Sigety v Ingraham,* 29 NY2d 110), in this case appellant seeks to recoup past overpayments for services performed by petitioner at a rate previously certified by the State. The petitioner undertook to perform its nursing services in reliance upon the said rate and has received the money. Under such circumstances, we must conclude that petitioner has a property right in the alleged overpayments. "Where the exercise of a statutory power adversely affects property rights—as it does in the present case—the courts have *implied* the requirement of notice and hearing, where the statute was silent" *(Matter of Hecht v Monaghan,* 307 NY 461, 468). The petitioner herein is entitled to a due process hearing on the challenges brought by appellant to its right to keep moneys already paid *(Matter of Birnbaum v Whalen,* 85 Misc 2d 512; see, also, *Coral Gables Convalescent Home v Richardson,* 340 F Supp 646). We also conclude that a hearing, not limited to the question of the recoupment of past payments, is warranted in this case to create an adequate record for review. The primary evidence linking petitioner with Cambridge Care Center is a Dun and Bradstreet report, the accuracy and effect of which is not established sufficiently to allow this court to decide whether appellant's determination that the subject contract was not an arm's length transaction was supported by substantial evidence (see *People v McLaurin,* 38 NY2d 123). Judgment modified, on the law, by striking the first, third and fourth paragraphs thereof; matter remitted to the Department of Health for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Reynolds, JJ., concur.