■ In the Matter of PARK CRESCENT NURSING HOME, Appellant-Respondent, v ROBERT P. WHALEN, as Acting Commissioner of the Department of Health of the State of New York, Respondent-Appellant.—Cross appeals from a judgment of the Supreme Court at Special Term, entered December 30, 1975 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to the extent that respondent's termination of a certain hearing and finding that petitioner's prior Medicaid

reimbursement had been overpaid were vacated and the matter was remitted to the Department of Health for purposes of continuing and completing the hearing. Petitioner is a partnership which, since August of 1972, has operated a nursing home in a building which was formerly a hotel at 150 Riverside Drive in New York City. In renovating and converting the structure for use as a nursing home, petitioner allegedly sustained substantial construction costs, and such expenditures normally form a partial basis for establishing the Medicaid reimbursement rates for the operators of nursing homes. In this instance, upon the recommendation of the rate review board, respondent convened a hearing, pursuant to section 12-A of the Public Health Law, to develop the issues relating to petitioner's reimbursement rate, after an audit indicated that certain costs had been erroneously included in the computation thereof. Following the conduct of several such hearings, but before petitioner was given an opportunity to present its evidence or cross-examine witnesses, respondent unilaterally terminated the hearings on the ground that newly considered financial data enabled the Department of Health to determine petitioner's correct rate without further proceedings. Thereafter, the department determined that certain of petitioner's construction costs totaling $1,977,806 were not to be considered as necessary allowable costs, and the net result of this ruling was that petitioner's reimbursement rate was lowered and $890,000 in alleged overpayments of Medicaid, which it had received at the earlier higher rate, were recouped by deductions from its subsequent payments. Unsatisfied with this result, petitioner commenced this article 78 proceeding seeking to enjoin respondent from terminating the hearing and excluding $1,977,806 in capital costs from the computation of petitioner's reimbursement rate, to vacate respondent's determination that at least $1,977,806 be disallowed from the costs used to compute the rate, and to remit the matter to respondent for completion of the hearing. As noted above, Special Term granted the application for relief insofar as vacating the finding that petitioner had been overpaid and also vacating the termination of the hearing while directing the completion thereof. Now, both parties appeal with respondent objecting to the continuation of the hearing and petitioner arguing that it should immediately be repaid the recouped $890,000 pending the outcome of said hearing. Prior to our consideration of the merits of the parties' contentions, we initially note that an article 78 proceeding is inappropriate to challenge administrative rate-making. Accordingly, pursuant to CPLR 103 (subd [c]), we hereby convert this proceeding into one for declaratory judgment (Matter of Broadacres Skilled Nursing Facility v Ingraham, 51 AD2d 243). As for respondent's objection to the continuation of the hearing as directed by Special Term, we find that it is without merit. Plainly, petitioner has a property right in the recouped $890,000 which it was paid for nursing services that it provided in reliance upon a previously certified reimbursement rate. Such being the case, there is an implied requirement of notice and hearing (Matter of Hecht v Monaghan, 307 NY 461), and in a very similar factual situation, this court has only recently held that a nursing home operator was entitled to a hearing where respondent was seeking to recoup past overpayments. (Matter of White Plains Nursing Home v Whalen, 53 AD2d 926.) Similarly, we likewise find no merit to petitioner's claim that it is entitled to immediate repayment of the disputed funds. The present situation is unlike that in Goldberg v Kelly (397 US 254) wherein the termination of welfare benefits threatened an individual's means of existence and, therefore, a pretermination evidentiary hearing was required. Here, only property rights are involved, and, consequently,

the summary recoupment served to preserve the integrity of the public purse while the mere postponement of the hearing did not constitute a denial of due process *(Mitchell v Grant Co.,* 416 US 600; *Mercy Gen. Hosp. v Weinberger,* 410 F Supp 344; *Haverhill Manor v Commissioner of Public Welfare,* 330 NE2d 180 [Mass]). Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.