■ In the Matter of ROBERT J. BRADLEY, Doing Business as NEWFANE HEALTH FACILITY, Respondent, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term entered July 13, 1976 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to the extent that a full evidentiary hearing shall be had on the question of whether appellants may recoup alleged overpayments of Medicaid reimbursement rates to petitioner, and to the extent that appellants may not start recoupment until after said hearing is given. Petitioner is the operator of a nursing home facility which is reimbursed by the State for certain expenses incurred in accepting Medicaid patients. Following an audit made in 1974 appellants determined that various overpayments were made to petitioner for the years 1971 and 1972. On July 17, 1974 a conference was held at which the auditors, petitioner's office manager, and representatives of the appellants were present, and at which time audit adjustments were explained and petitioner was given an opportunity to object to said adjustments. On December 12, 1974 petitioner received copies of the audit report and was advised that he had 30 days within which to file a written protest with the Commissioner of Health. Petitioner did file such a protest on January 31, 1975. Some nine months later petitioner was advised by letter that the material he had submitted with his protest of January 31, 1975 had been reviewed by the Rate Review Board, an internal board established within the Department of Health, and that the auditor's determination should be upheld. The letter was otherwise silent as to any specifics or findings bearing on that determination, which was affirmed by the Commissioner of Health. Thereafter petitioner made several requests for a full evidentiary hearing for the purpose of inquiring into the basis for the determination of overpayments. Their requests were denied by appellants who alleged that no provision in law or the regulations existed for such a hearing. Finally, petitioner received notice that new Medicaid reimbursement rates had been established for this facility in order to recoup approximately $70,000 in overpayments for the previous periods. The basic issue presented on this appeal is whether the procedure followed

by the Commissioner of Health in arriving at the determination that overpayments were made to petitioner and that appellants were entitled to recoupment, comports with the requirements of due process of law. Initially, we note that an article 78 proceeding is inappropriate to challenge administrative rate-making. Accordingly, pursuant to CPLR 103 (subd [c]), we hereby convert this proceeding to one for a declaratory judgment *(Matter of Park Crescent Nursing Home v Whalen,* 55 AD2d 801). In similar factual situations, this court has recently stated on two separate occasions that the operator of a nursing home has a property right in the moneys sought to be recouped which were paid for nursing services that it provided in reliance upon a previously certified reimbursement rate; and that such being the case, there is an implied requirement of notice and hearing where the statute makes no provision therefor. In those circumstances we concluded that a nursing home operator was entitled to an evidentiary hearing where recoupment was sought for past overpayments *(Matter of Park Crescent Nursing Home v Whalen, supra; Matter of White Plains Nursing Home v Whalen,* 53 AD2d 926). It is clear, therefore, that in the instant case petitioner is entitled to a hearing to determine whether or not he was overpaid under the prior Medicaid reimbursement rates. We also conclude, however, that there is no requirement that a hearing be held *before* appellants may commence recoupment by establishing lower Medicaid reimbursement rates prospectively. "Here, only property rights are involved, and, consequently, the summary recoupment served to preserve the integrity of the public purse while the mere postponement of the hearing did not constitute a denial of due process [citations omitted]" *(Matter of Park Crescent Nursing Home v Whalen, supra,* pp 802-803). Judgment modified, on the law and the facts, by striking the second decretal paragraph thereof; matter remitted to the Department of Health for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.