Memorandum. The order of the Appellate Division should be affirmed.
At this stage the case presents a very narrow issue. We are not concerned with the proper procedure to be followed in future cases in which reimbursement rates are to be fixed as the commissioner has now adopted a regulation providing for a hearing when a proposed rate revision is disputed (10 NYCRR 86-2.7, eff Jan. 25, 1977). The question is simply whether under all the circumstances of this case the courts below erred in directing a hearing in the absence of express statutory or regulatory requirement.
The commissioner has determined that the lease between the petitioner and its landlord is not an arm’s length transaction and that, pursuant to regulation, the Medicaid reimbursement rate should be reduced to reflect the true cost of renting the premises. It is not disputed that the commissioner has power to adopt a regulation and then to interpret and enforce it. The petitioner’s objection is that the ultimate determination in this instance is based on an erroneous, or at least disputed, question of fact regarding the nature of the relationship between the petitioner and its landlord. The determina *840 tion it should be noted affects the petitioner in two respects. First, it reduces the rate of future reimbursement. Secondly, it provides for further, interim, reduction of the rate to recoup alleged overpayments already authorized and received. This latter consequence in particular, regarding recoupment, would affect petitioner’s substantial interests so that it would be apporpriate to provide a hearing to resolve the factual dispute.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, without costs, in a memorandum.