NICHOLAS DEMISAY, Doing Business as CLOVE LAKES NURSING HOME, Respondent, v ROBERT P. WHALEN, as Commissioner of the New York State Department of Health, Appellant.

Third Department, December 8, 1977

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (W. Alexander Melbardis* and *Ruth Kessler Toch* of counsel), for appellant.

*Rooney & Evans (Elliot L. Evans* and *Paul K. Rooney* of counsel), for respondent.

## OPINION OF THE COURT

LARKIN, J.

Plaintiff is the owner and operator of a nursing home and health-related facility doing business as Clove Lakes Nursing Home. By letter dated October 30, 1975, he was notified of the Medicaid reimbursement rates effective January 1, 1976, for nursing home care and health-related facility care rendered by his facility. The letter explained that: "The rates set forth above were developed on an interim basis. New legislation concerning 1976 reimbursement, and still unresolved aspects of Part 86 of the Commissioner's rules have made it impossible to promulgate final health facility rates at this time. Final rates reflecting either upward or downward revisions will be promulgated as soon as possible.

By letter dated November 17, 1976, plaintiff was informed that the Medicaid reimbursement rates for the period January 1, 1976 to December 31, 1976 had been finalized, and attached thereto were the computations used to establish those rates for nursing home care and health-related facility care rendered by plaintiff's facility. The final reimbursement rate constituted a substantial decrease from the interim rate.

In December, 1976 plaintiff submitted the monthly billing for November using the reimbursement rates which had been in effect for the first 10 months of 1976, but he was advised by Department of Health personnel that the rates contained in the November 17, 1976 letter would have to be used before any reimbursement would be made. Thereafter, plaintiff resubmitted the billing under protest, and by letter dated January 5, 1977, plaintiff filed appeals with respect to the nursing home care and health-related facility care Medicaid reimbursement rates.

By service of a summons and complaint on January 28,

1977 plaintiff commenced an action seeking to declare the new Medicaid reimbursement rates null and void and to enjoin defendant from using those rates in reimbursing plaintiff. Simultaneously, plaintiff moved for a preliminary injunction restraining defendant from using the new rates pending a determination of the action and compelling defendant to reimburse plaintiff using the previous rates during the pendency of the action. Special Term granted plaintiff's motion and this appeal ensued.

Special Term concluded as follows: "Plaintiff's papers indicate a strong probability of his ultimate success on his appeal and thus a clear right to the relief now sought. In view of his serious financial situation and the fact that the appeal may not be acted upon by the defendant for a period of ninety days, the defendant should not begin paying and utilizing the lower rate which could drive plaintiff out of business in the meantime or result in severe economic harm to plaintiff. The plaintiff also was not given the required sixty days' notice of the new rate from the beginning of the established rate period, pursuant to Section 2807.4 Public Health Law." We disagree with Special Term's conclusion that plaintiff has established a clear right to relief. Absent such a showing, regardless of a demonstration of possible irreparable injury it was error for Special Term to grant plaintiff's application for a temporary injunction (*Albini v Solork Assoc.,* 37 AD2d 835; *Cox v Rogers,* 32 AD2d 871).

In *Matter of Kaye v Whalen* (56 AD2d 111), this court held a nursing home has no contractual right to a particular level of payment and that the respondent commissioner was authorized to establish new reimbursement rates and to make such rates retroactive to January 1, 1976. This is precisely what the commissioner did with respect to plaintiff's rates by means of the said letter dated November 17, 1976. Special Term's reliance upon the failure of the defendants to give 60 days' notice of the new rates from the beginning of an established rate period (Public Health Law, § 2807, subd 4) was error. Plaintiff concedes that it received the November 17, 1976 letter on December 1, 1976. By the time of the order which is the subject of this appeal, entered March 25, 1977, plaintiff had received far more than the required 60 days' notice of the new rates (cf. *Hurlbut v Whalen,* 58 AD2d 311).

Plaintiff's argument that the new Medicaid reimbursement rates announced by defendant in his letter of November

17, 1976 could not properly be implemented immediately because they were subject to pending administrative appeals has been answered by our decision in *Matter of Park Crescent Nursing Home v Whalen* (55 AD2d 801, app dsmd 42 NY2d 975) in which we held that while a nursing home had a property right in payments already received, due process did not require a hearing prior to the recoupment of overpayments.

■ Any claim which the plaintiff could make concerning the commissioner's imposition of the new rates between December 1, 1976 and January 31, 1977 is moot in view of the denial of its appeal regarding the quality rating of the nursing home and the results of its appeal regarding its final rates for 1976. While both decisions are dated subsequent to the order in issue herein and neither is part of this record, we may properly take judicial notice of them *(Matter of Sunhill Water Corp. v Water Resources Comm.,* 32 AD2d 1006). The possibility that plaintiff could have received benefits from 60 days' notice of the new rates and a prompt administrative determination has thus been rendered academic by the adverse determinations.

The order should be reversed, on the law and the facts, without costs.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Order reversed, on the law and the facts, without costs.