█   In the Matter of WHITE PLAINS NURSING HOME, Respondent-Appellant, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, et al., Appellants-Respondents.—Cross appeals from a judgment of the Supreme Court at Special Term, entered June 8, 1976 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to the extent of directing respondents to reinstate petitioner's imputed rental Medicaid reimbursement rate as of January 12, 1976 pending a determination of this court of a separate related proceeding and adjudged Department of Health Regulation 10 NYCRR 86.30 to be lawful and to constitute a reasonable exercise of authority by the Commissioner of Health. Petitioner is a partnership operating a nursing home wherein services are provided to individuals receiving assistance under the New York State Plan for medical assistance pursuant to title XIX of the Social Security Act (US Code, tit 42, § 1396 *et seq.),* i.e., the Medicaid program. Not owning its own physical plant, petitioner rents from Cambridge Care Center Corporation a premises in the Bronx, New York, in which it operates its nursing home facility. On January 12, 1976, respondents determined to completely eliminate, as of January 1, 1976, the realty reimbursement which petitioner was then receiving under the Medicaid program for its facility because of petitioner's failure to submit to respondents "approved property costs" for the facility as required by 10 NYCRR 86.30. Alleging that, as lessee of the premises, the requested information relative to costs was unavailable to it and that, consequently, it could not comply with 10 NYCRR 86.30 and submit the information to respondents,

petitioner thereafter commenced the instant proceeding wherein it seeks a declaration that 10 NYCRR 86.30 is invalid and the annulment of the determination eliminating its realty reimbursement. Special Term ultimately ruled that the challenged regulation was not invalid, but nonetheless also directed the reinstatement, as of January 12, 1976, of petitioner's imputed rental reimbursement rate, i.e., the rate formerly applicable when the lease involved was not an arm's length transaction, pending a determination in this court of a separate related proceeding in which petitioner was appealing an earlier reduction in its reimbursement from the arm's length rate to the imputed rental rate. These appeals ensued. Prefatory to our reaching the merits of these appeals, we initially note that administrative rate making is the central issue in this case. Accordingly, in the exercise of our discretionary power, we hereby convert this article 78 proceeding into one for a declaratory judgment (CPLR 103, subd [c]; *Matter of Broadacres Skilled Nursing Facility v Ingraham,* 51 AD2d 243). Turning now to the substantive issues raised herein, we find it most significant that the present total elimination of petitioner's realty reimbursement and the earlier reduction therein to the imputed rental rate were both premised solely upon the ex parte determination of respondents that petitioner was operating under a lease that was not an arm's length transaction. Since the rendering of the judgment appealed from in this case, however, decisions have been reached in both this court and the Court of Appeals relative to petitioner's appeal of the earlier ex parte reduction in its reimbursement rate. It has been finally determined that respondents' resolution of the factual issue as to the nature of petitioner's lease, i.e., that it was not an arm's length transaction, was improperly made as it was made without the holding of a hearing *(Matter of White Plains Nursing Home v Whalen,* 53 AD2d 926, affd 42 NY2d 838). Such being the case, there is no basis for respondents' total elimination of petitioner's reimbursement, it necessarily follows that petitioner must be restored to the reimbursement rate for the arm's length lease until the conduct of a hearing. In so ruling, we would emphasize that our ordering the immediate resumption of reimbursement to petitioner is particularly appropriate in this instance because the record establishes that it has been without any reimbursement and awaiting a hearing since January of 1976 and that its resultant financial difficulties would likely necessitate the closing of the nursing home absent temporary financial relief pending a hearing. Moreover, the effective date for the resumption of reimbursement should be January 1, 1976, the date of the total elimination thereof, rather than January 12, 1976 as determined by Special Term. Finally, we do not reach the question of the validity of 10 NYCRR 86.30 because it has been superseded by a new regulation effective January 1, 1976 (see 10 NYCRR 86-2.21) and, as such, would be inapplicable to petitioner's situation even should it eventually be determined that the lease in question was not an arm's length agreement. Judgment modified, on the law, without costs, by directing that petitioner be restored to the arm's length rental rate effective January 1, 1976, and that a hearing be conducted forthwith as to the nature of its lease, and, as so modified, affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.