### (June 15, 1978)

█ ANNE SOLNICK et al., Doing Business As DOVER NURSING HOME, Respondents, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered February 28, 1977 in Albany County, which declared null and void the adjustment to plaintiffs' 1969 Medicaid reimbursement rate and directed that a hearing complying with the requirements of due process be given to plaintiffs prior to recoupment of any alleged past overpayment in Medicaid reimbursement. Plaintiffs are the owners and operators of the Dover Nursing Home, a residential health care facility located in Brooklyn, New York. The facility participates in the State's Medicaid program established pursuant to subchapter 19 of the Federal Social Security Act (US Code, tit 42, § 1396 *et seq.*). Under the Medicaid program, the State reimburses nursing homes for care rendered to eligible recipients. During 1975 the State Department of Health audited the annual cost report filed by Dover Nursing Home for 1969 and determined that certain claimed expenses should be disallowed. Medicaid rates for the year 1971 were based on plaintiffs' 1969 costs, and thus, the 1971 reimbursement rates were adjusted downward. By letter dated December 22, 1975, plaintiffs contested the findings of the audit and on June 1, 1976, plaintiffs were advised that the rate review board had affirmed a majority of the findings of the Health Department's audit. The Commissioner of Health thereafter upheld the findings of the rate review board and plaintiffs commenced this proceeding, seeking declaratory and injunctive relief, by an order to show cause dated January 5, 1977. Special Term granted plaintiffs the relief requested and this appeal ensued. Defendants argue that while

plaintiffs are entitled, as a matter of due process, to a full administrative hearing, the hearing need not be held prior to recoupment of the alleged Medicaid overpayments. We have held in recent decisions that due process does not necessarily require a hearing before attempts are made to recoup alleged past overpayments in Medicaid reimbursement *(Demisay v Whalen,* 59 AD2d 444; *Matter of Bradley v Whalen,* 58 AD2d 664; *Matter of Park Crescent Nursing Home v Whalen,* 55 AD2d 801, app dsmd 42 NY2d 975). In *Matter of Bradley v Whalen (supra,* p 665), this court stated that "there is no requirement that a hearing be held *before* appellants may commence recoupment by establishing lower Medicaid reimbursement rates prospectively." *Matter of White Plains Nursing Home v Whalen* (53 AD2d 926, affd 42 NY2d 838) is not authority for the proposition that a hearing is required before recoupment of alleged overpayments. It is distinguishable since there the Health Commissioner's decision to recoup alleged Medicaid overpayments was based upon a factual determination—that the facility's lease was not an arm's length transaction—and this court concluded that the record did not support that finding. We, therefore, affirmed Special Term's vacatur of the Health Commissioner's decision and the Court of Appeals affirmed. Although we held in *White Plains* that a facility has a property right in past Medicaid payments requiring a hearing upon a determination to recoup alleged overpayments, we did not hold that due process required a hearing prior to the institution of prospective rates adjusted to affect recoupment. The second *White Plains* case, *Matter of White Plains Nursing Home v Whalen,* (60 AD2d 726) arose during the pendency of the first case and involved the implementation of new regulations for determining costs. However, this new formula was necessarily based on the factual determination that the lease was not an arm's length transaction, a conclusion which we had held to be based on insufficient evidence in the first *White Plains* case. Our holdings in the *White Plains* cases and *Park Crescent Nursing Home v Whalen (supra)* and cases subsequent thereto are, therefore, in harmony. However, while a prior hearing is not required, the postdetermination hearing must be given promptly. In *Phillips v Commissioner* (283 US 589, 596-597), the Supreme Court said: "Where only property rights are involved, mere postponement of the judicial inquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate." Thereafter, in *Fusari v Steinberg* (419 US 379, 389), the Supreme Court explained: "Prompt and adequate administrative review provides an opportunity for consideration and correction of errors made in initial eligibility determination. Thus, the rapidity of administrative review is a significant factor in assessing the sufficiency of the entire process." In *Matter of White Plains Nursing Home v Whalen* (60 AD2d 726, *supra),* this court recognized that a delay between the date of the determination to affect recoupment and the hearing is significant when we ordered immediate resumption of reimbursement to petitioner, noting that petitioner had been without any reimbursement while awaiting a hearing and was in financial difficulties as a result. Thus, a reasonably prompt postdetermination hearing is an essential ingredient of due process when the recoupment of alleged past Medicaid overpayments is challenged by a facility. The determination of the audit results in the instant case became final on June 1, 1976, yet, no hearing has been accorded plaintiffs. However, there is no indication that recoupment has actually commenced. In order to comply with the requirements of due process, the formal administrative hearing should be held within 90 days of the date when actual recoupment is initiated by respondents. We find no merit in respondents' contention that

this proceeding was not timely commenced. An action for declaratory judgment is clearly the appropriate vehicle for challenging administrative rate-making *(Matter of Bradley v Whalen, supra; Matter of Park Crescent Nursing Home v Whalen, supra)*. The four-month Statute of Limitations contained in CPLR 217 is inapplicable to this declaratory judgment action. The six-year limitation period found in CPLR 213 (subd 1) applies (see *Lutheran Church in Amer. v City of New York*, 27 AD2d 237). Defendants cite the provisions contained in 10 NYCRR 86-2.7 as authority for their position that a hearing prior to recoupment is required by the Health Department Regulations. There is no merit to such contention. The determination herein became effective prior to the effective date of the new regulation and it is, therefore, inapplicable by its terms. Judgment modified, on the law, by deleting the first and third decretal paragraphs thereof and by amending the second decretal paragraph to read: "Ordered and Adjudged that the matter be remitted to the Commissioner of Health for the purpose of affording plaintiffs a full administrative hearing on plaintiff's challenge to the 1969 audit results, within 90 days of the effective date of the prospective Medicaid rate adjusted to recoup overpayment resulting from that audit" and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ. concur.