■ In the Matter CHARLES L. SIGETY, Doing Business as FLORENCE NIGHTINGALE NURSING HOME, Respondent, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered January 24, 1977 in Albany County, which, after converting petitioner's article 78 proceeding into an action for declaratory judgment, declared certain Medicaid reimbursement rates void and remitted the matter to the Commissioner of Health for an evidentiary hearing. Petitioner, Charles E. Sigety, is the owner and operator of the Florence Nightingale Nursing Home located in New York City and participates in the State's Medicaid program established pursuant to subchapter 19 of the Federal Social Security Act (US Code, tit 42, § 1396 *et seq.*). Under the Medicaid program, the State reimburses nursing homes for care rendered to eligible recipients. During the year 1975, the State Department of Health conducted an audit of the annual cost reports filed by petitioner for the years 1969, 1970 and 1971, which resulted in a disallowance of certain expenses claimed by petitioner as reimbursable and a corresponding downward adjustment in the Medicaid reimbursement rates for subsequent years. Petitioner was charged, by reason of said audit, with receiving a total overpayment of $665,769 in Medicaid reimbursements. Petitioner appealed from said determinations and demanded an evidentiary hearing which was denied. Subsequently, by letter dated June 1, 1976, he was advised that upon the recommendation of the rate review board, the Commissioner of Health had upheld the audit results to the extent of an overpayment in the total amount of about $638,339. Petitioner commenced an article 78 proceeding seeking to annul the commissioner's determination and to compel the holding of an evidentiary hearing on his objections. Special Term converted the article 78 proceeding into a declaratory judgment action, declared the rate adjustments void and remitted the matter to the commissioner for an evidentiary hearing. On this appeal respondent concedes that petitioner is, in fact, entitled to a hearing, but argues that the hearing need not be conducted prior to commencement of steps to recoup the alleged overpayments in past Medicaid reimbursement. The same issue has been determined in *Solnick v Whalen* (63 AD2d 1062). Upon the reasoning in *Solnick v Whalen (supra)*, we find that petitioner is entitled to a full

administrative hearing, on his challenge to the results of the Health Department's audits for the years in question, within 90 days of the effective date of the prospective rate adjusted to recoup the alleged overpayments resulting from said audits. Judgment modified, on the law, by deleting the second paragraph thereof and by amending the third decretal paragraph to read: "The matter is remitted to the Commissioner of Health for the purpose of affording petitioner a full administrative hearing on petitioner's challenge to the Commissioner's audit results for the years 1969, 1970 and 1971, within 90 days of the effective date of the prospective Medicaid rate adjusted to recoup overpayments resulting from that audit" and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.