## (July 13, 1978)

■ JAMES T. BRIODY et al., Doing Business as BRIODY NURSING HOME, Respondents, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Appellants.—Appeal from a judgment of the Supreme

Court at Special Term, entered February 7, 1977 in Albany County, which converted plaintiffs' application pursuant to CPLR article 78 into a declaratory judgment action, declared null and void a retroactive adjustment to plaintiffs' 1969 Medicaid reimbursement rates, directed that the Commissioner of Health give plaintiffs a due process hearing on their challenges to the adjusted rates and enjoined defendants from attempting to withhold any current Medicaid payments in an effort to recoup alleged earlier overpayments resulting from the rates declared null and void. Plaintiffs are the owners and operators of the Briody Nursing Home, a residential health care facility, located in Lockport, New York, which participates in the State's Medicaid program established pursuant to title XIX of the Federal Social Security Act (US Code, tit 42, § 1396 *et seq.*). Unter this program the State reimburses such facilities for care rendered to eligible persons at rates established by the Commissioner of Health, and at all times relevant herein the rates were based upon annual cost reports which participating facilities are required to file each year.* The instant controversy arose when the Department of Health in 1975 audited plaintiffs' annual cost report for the year 1969 and determined that substantial sums claimed as reimbursable costs by plaintiffs had to be disallowed. Challenging this determination, plaintiffs followed the administrative appeal procedure then available without success, and on October 29, 1976 they were informed by the Department of Health that as a result of the audit, their reimbursement rate for the period July 1, 1970 through June 30, 1971 was to be retroactively adjusted downward. Thereafter, they commenced the present proceeding wherein they contend that the subject rate adjustments are improper and that defendants should be enjoined from recouping Medicaid overpayments which plaintiffs have allegedly received in the past by withholding sums from current Medicaid payments unless, prior thereto, plaintiffs are granted a due process hearing on the matter. As noted above, Special Term granted plaintiffs the relief which they requested, and this appeal ensued. Since all parties are now in agreement that plaintiffs are entitled to a due process hearing, the fundamental question remaining for our determination is whether or not the hearing must be conducted prior to the time when defendants commence recouping the alleged past overpayments. This identical issue has only recently been presented to this court and we have held that the recoupment could begin prior to the hearing *(Solnick v Whalen,* (63 AD2d 1062; *Matter of Sigety v Whalen,* 63 AD2d 1064). However, particularly in view of the economic hardship that can result from such recoupment, we also emphasized that the hearing must be held promptly once the recoupment has begun. Accordingly, under the circumstances prevailing here, we conclude that defendants can commence the recoupment process and that, within 90 days after taking that action, they must grant plaintiffs a due process hearing. (See, also, *Matter of Bradley v Whalen,* 58 AD2d 664.) Judgment modified, on the law and the facts, by deleting the second and fourth decretal paragraphs thereof and by amending the third decretal paragraph to read: "Ordered and Adjudged that the matter be remitted to the Commissioner of Health for the purpose of affording plaintiffs a full administrative hearing on plaintiffs' challenge to the 1969 audit results, within 90 days of the effective date of the prospective Medicaid rate adjusted to recoup overpayment resulting from that audit" and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., Main and Larkin, JJ., concur. [89 Misc 2d 296.]

---

* In 1976 the procedure for establishing rates was changed (see 10 NYCRR Subpart 86-2).