*874 OPINION OF THE COURT

Per Curiam.

At issue in this declaratory judgment action is whether the State Commissioner of Health may, without first holding an evidentiary hearing, retroactively reduce reimbursement rates and recoup alleged overpayments to nursing homes receiving Medicaid reimbursement. Special Term held invalid such recoupment without a prior departmental hearing, but the Appellate Division reversed, holding a prerecoupment hearing unnecessary. Since it is concluded that adequate protection is provided so long as a hearing is held promptly after the adjustments and installment recoupments are ordered, failure to hold a prerecoupment hearing does not deprive nursing homes of property without due process of law. Hence, the order of the Appellate Division should be modified to declare valid the provisional recoupment of excess reimbursements without a hearing, and otherwise affirmed (see Matter of Lanza v Wagner, 11 NY2d 317, 334, app dsmd 371 US 74).
For the years 1969-1973, Clove Lakes Nursing Home reported to the State Health Department its allowable costs for each year. The department used each year’s costs, adjusted for inflation, to compute the reimbursement rates for the following year (see, generally, Public Health Law, §§ 2803-2808, for the current provisions governing required reports and reimbursement rates for hospitals and nursing homes). Subsequently, however, the department audited Clove Lakes’ cost reports, and on December 4, 1975, notified the nursing home that numerous expenses included in the reports had been disallowed. Hence, the reimbursement rates computed on the basis of those reports were overly generous to the nursing home, to the extent of $450,000. The department seeks to collect this amount by reducing retroactively the reimbursement rates for the period from July 1, 1970 to December 31, 1975.
Clove Lakes contends that this adjustment, because it was without a prior evidentiary hearing, constitutes a deprivation of property without due process of law (Goldberg v Kelly, 397 US 254, 260-266). There should be little doubt that the nursing home is entitled to a hearing at which it may contest the department’s audit (see White Plains Nursing Home v Whalen, 42 NY2d 838, cert den 434 US 1066; see, also, 10 NYCRR 86-2.7 [f], the regulation now in effect). But that does not mean that the department is compelled, constitutionally, *875 to hold the hearing before it recoups the alleged overpayments (Matter of Bradley v Whalen, 58 AD2d 664, app dsmd 42 NY2d 1103; Matter of Park Crescent Nursing Home v Whalen, 55 AD2d 801, 802-803, app dsmd 42 NY2d 975). Prerecoupment hearings are mandated, the Supreme Court has held, when "termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits” (Goldberg v Kelly, 397 US 254, 264, supra [emphasis in original]). In the Goldberg case, welfare benefits were involved. The rule has, however, been narrowly limited, and it has been held inapplicable even to disability benefits (Mathews v Eldridge, 424 US 319, 349).
Particularly instructive is the Mathews case in which it was said (p 349): "All that is necessary is that the procedures be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard,’ Goldberg v. Kelly, 397 U.S., at 268-269 (footnote omitted), to insure that they are given a meaningful opportunity to present their case. In assessing what process is due in this case, substantial weight must be given to the good-faith judgments of the individuals charged * * * with the administration of social welfare programs that the procedures they have provided assure fair consideration of the entitlement claims of individuals. * * * This is especially so where, as here, the prescribed procedures not only provide the claimant with an effective process for asserting his claim prior to any administrative action, but also assure a right to an evidentiary hearing, as well as to subsequent judicial review, before the denial of his claim becomes final.” The analysis is directly applicable to the case at bar. Clove Lakes is a business, not beset by subsistence problems of a welfare recipient. Moreover, the department afforded Clove Lakes the opportunity to challenge the audit through written submissions before the rate adjustment was effected. In addition, Clove Lakes participated in an earlier hearing, called an "Exit Conference”, held by the department before the audit was made final. Under these circumstances, failure to hold a prerecoupment hearing did not produce a due process violation.
This is not to say, of course, that Clove Lakes is not entitled to a prompt evidentiary hearing on its challenge to the audit. If such a hearing were not held promptly, the remedy would be a CPLR article 78 proceeding to compel the department to *876 hold a hearing (CPLR 7803, subd [1]; cf. Matter of White Plains Nursing Home v Whalen, 60 AD2d 726, 727). In this case, however, no constitutional infirmity is perceived.
Accordingly, the order of the Appellate Division should be modified, with costs to respondents, to declare valid the provisional recoupment of excess reimbursements without a prior hearing, and otherwise affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order modified, with costs to respondent, in accordance with the opinion herein and, as so modified, affirmed.