■   PARK NURSING HOME, Respondent, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered May 5, 1977 in Albany County, which granted a motion by plaintiff for a preliminary injunction restraining the Commissioner of Health from further recouping alleged overpayments from current Medicaid payments until plaintiff was afforded a due process hearing. Plaintiff nursing home is a participant in the Medicaid program. Following an audit made in 1975, it was determined that various overpayments were made to plaintiff for the years 1969 through 1974. By a letter dated May 25, 1976, plaintiff was advised of projected adjustments in plaintiff's Medicaid reimbursement rates. The appeal from the audit findings was originally held in abeyance at the plaintiff's request. In October 1976, plaintiff's reimbursement rate was reduced and the reduction was made retroactive to January 1, 1976. Following plaintiff's rate appeal of the 1976 reimbursement rate, plaintiff was notified by a letter dated March 8, 1977 that its Medicaid reimbursement rate for 1976 was being increased but that such increase would not be processed for payment until its audit adjustment rates were finalized. Plaintiff thereafter sought a preliminary injunction restraining defendants from recouping from current payments any alleged overpayments made during the years 1969 through 1974 prior to a due process hearing. Special Term granted plaintiff's motion and this appeal ensued. Subsequent to Special Term's decision in the instant case, two cases were decided by this court which require a reversal herein *Demisay v Whalen,* 59 AD2d 444; *Matter of Bradley v Whalen,* 58 AD2d 664). In *Bradley,* we held that there is no requirement that a due process hearing be held before recoupment of overpayments. The Court of Appeals, in an even more recent decision, has stated that the fact that a nursing home is entitled to a hearing at which it may contest the State Health Department's audit does not mean that the

department is compelled, constitutionally, to hold the hearing before it recoups the alleged overpayments *(Clove Lakes Nursing Home v Whalen,* 45 NY2d 873). In our view, plaintiff failed to show a clear right to relief and, therefore, Special Term erred in granting plaintiff a preliminary injunction *(Demisay v Whalen, supra).* Although due process does not require a hearing prior to recoupment, this court has previously held that where recoupment has not yet commenced due process requires a hearing within 90 days of commencement of recoupment and where recoupment has already commenced we have directed that a hearing be held within 10 days of the service of our order *(Matter of Portnick v Whalen,* 65 AD2d 827; *Matter of Solnick v Whalen,* 63 AD2d 1062). Although plaintiff argues on this appeal that defendant has already recouped more than the amount it allegedly owes, there is no proof in the record to support this contention. Order reversed, on the law and the facts, without costs; motion denied on the condition that defendants afford plaintiff a hearing within 10 days of the service of the order to be entered on this decision; in the event defendant should fail to afford plaintiff said hearing within said 10-day period, motion granted. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Larkin, JJ., concur.