■ In the Matter of BIRCHWOOD NURSING HOME, Appellant-Respondent, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, Respondent-Appellant.—Cross appeals from a judgment of the Supreme Court at Special Term, entered December 9, 1977 in Albany County, which granted in part and denied in part petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination which adjusted the expenses reported by petitioner for the years 1969-1971 and recalculated its Medicaid reimbursement rate for those years. Petitioner is a nursing home which is reimbursed by the State for certain expenses incurred in accepting Medicaid patients. Following an audit conducted in 1974, respondent made certain adjustments to the expenses reported by petitioner for the years 1969-1971. The adjustments included the reduction of the allowable chaplain's salary from $7,500 to $1,200 for each year and reclassified the amount spent for patient diapers during 1969 and 1970 as a laundry rather than a nursing expense. These adjustments resulted in a finding by respondent that overpayments were made to petitioner for the years in question exceeding $55,000. Petitioner was unable to obtain a hearing for the purpose of challenging this determination and instituted the instant article 78 proceeding on August 13, 1975 to direct the respondent to approve the $7,500 annual chaplain's salary and reclassify the cost of patient diapers as a nursing expense. Special Term granted the petitioner relief with respect to the chaplain's salary only, and these cross appeals ensued. As a preliminary matter, we note that this article 78 proceeding is an improper vehicle to challenge the action taken by the Department of Health in this matter. Since petitioner was not entitled to notice and a hearing in order to contest the adjustments made following

the audit,* respondent's rate-making activity must be deemed a legislative act which may not be reviewed in an article 78 proceeding *(Matter of White Plains Nursing Home v Whalen,* 53 AD2d 926, affd 42 NY2d 838, cert den 434 US 1066; see *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 407). However, the petitioner here is not without a remedy. The record discloses that respondent is trying to recoup alleged overpayments which were paid to petitioner under a previously certified reimbursement rate. Recent case law holds that due to its property right in moneys sought to be recouped, a nursing home is entitled to a hearing at which it may contest the department's audit *(Clove Lakes Nursing Home v Whalen,* 45 NY2d 873, 874; *Matter of Bradley v Whalen,* 58 AD2d 664; *Matter of Park Crescent Nursing Home v Whalen,* 55 AD2d 801). Since it does not appear that petitioner has ever been granted an evidentiary hearing to determine whether or not it was overpaid under its prior Medicaid reimbursement rate, it was error for Special Term to review the merits of respondent's rate-making determination. Petitioner should have brought this article 78 proceeding to compel respondent to hold a hearing (see *Clove Lakes Nursing Home v Whalen, supra,* pp 875-876). Pursuant to this court's power to grant appropriate relief even where not demanded (CPLR 3017, subd [a]), the judgment of Special Term should be modified and the matter remitted to the Department of Health for the purpose of conducting a hearing (see *Matter of Sigety v Whalen,* 63 AD2d 1064; 10 NYCRR 86-2.7). Judgment modified, on the law, by striking the first decretal paragraph and by amending the second decretal paragraph to read: "The matter is remitted to the Commissioner of Health for the purpose of affording petitioner a full administrative hearing on petitioner's challenge to the Commissioner's audit results for the years 1969-1971, within 90 days of the effective date of the prospective Medicaid rate adjusted to recoup overpayments resulting from that audit," and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.

---

* Effective January 25, 1977, the Commissioner of Health adopted a regulation providing for a hearing when a proposed rate revision is disputed (10 NYCRR 86-2.7).