In the Matter of ALBERT SCHWARTZBERG et al., Respondents, v
ROBERT P. WHALEN, as Commissioner of the Department
of Health of the State of New York, Appellant, and
INSTLCORP., INC., Intervenor-Respondent.

Third Department, June 26, 1980

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Joseph F. Gibbons* and *Shirley Adelson Siegel* of counsel), for appellant.

*Marvin L. Tenzer (Scott B. Lunin* of counsel), for respondents.

*Rosan & Rosan, P. C.,* for intervenor-respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Petitioners were the licensed operators of two nursing homes located in The Bronx. Their operating certificates for these two facilities were revoked by the Department of Health (department) on September 7, 1978 and the respondent commissioner was appointed involuntary receiver by Supreme Court order entered February 14, 1979. By letter dated June 18, 1979, the department advised petitioners that their appeals requesting higher Medicaid reimbursement rates for past years had been denied. Petitioners responded on July 25, 1979 by requesting a rate review hearing (10 NYCRR 86-2.14 [b] [1]).

Dissatisfied with the department's failure to promptly process their appeals, petitioners obtained an order entered December 10, 1979, which directed the department to render a final decision on petitioners' appeals within 45 days. In addition, the order directed the respondent commissioner, acting as receiver for the two nursing homes, to seek Medicaid reimbursement from the department for various structural repairs which were allegedly made while he was receiver. The order required the department to decide these appeals within 60 days, and directed the commissioner to appeal immediately any adverse determination from the department to a Justice of the Supreme Court. Finally, the order instructed the commissioner to take those steps necessary to secure a favorable

award from the Labor Cost Review Panel, including, if necessary, entering into an arrangement with the Greater New York Health Care Facilities Association. This appeal by the commissioner ensued.

■ While this court has often set time limitations for the holding of rate reimbursement hearings, such judicial directives were always in response to dilatory tactics that impinged substantively upon a petitioner's right to an administrative hearing within a "reasonable time" (State Administrative Procedure Act, § 301, subd 1; see *Matter of Birchwood Nursing Home v Whalen,* 70 AD2d 1020; *Matter of Sigety v Whalen,* 63 AD2d 1064; *Solnick v Whalen,* 63 AD2d 1062, revd on other grounds 49 NY2d 224). Here, since the order under review, entered December 10, 1979, was made less than five months subsequent to petitioners' demand for a hearing, delay, if any, was not prejudicial. Further, since petitioners have withdrawn their appeal from the department's order of September 7, 1978 revoking their operating certificates, no urgency in terms of time for the holding of the rate reimbursement hearings can be perceived.

■ With respect to that part of the order entered December 10, 1979 which directed the respondent as receiver to appeal to the department for Medicaid reimbursements for expenses not presently covered, and, further, if such appeal should fail, to appeal to a Supreme Court Justice, we conclude that while such directives were innovative in view of the respondent's dual role in these proceedings as Commissioner of the Department of Health and as petitioners' receiver, thereby placing him in the position to appeal in the first instance to a department he heads, and, if unsuccessful, then to appeal what he perceives to be his own department's error to the Supreme Court, we nevertheless hold that the function of a court order is either to grant or deny requested relief and not to legislate procedural corrective machinery not provided by either statute or regulation. We note, however, as did Special Term, the need for legislation or regulation to provide harmonious appellate procedures where, as here, it is necessary for the commissioner to act as an involuntary receiver. Such a procedure would obviate the need for judicial innovation.

Similarly, Special Term's attempt to require the commissioner to secure an award from the Labor Cost Review Panel was inappropriate, especially in view of petitioners' failure to request such relief from the court.

The order should be modified, on the law, by deleting subparagraph (b) of the first decretal paragraph and by deleting the second and third decretal paragraphs, and, as so modified, affirmed, without costs.

GREENBLOTT, SWEENEY, MAIN and MIKOLL, JJ., concur.

Order modified, on the law, by deleting subparagraph (b) of the first decretal paragraph and by deleting the second and third decretal paragraphs, and, as so modified, affirmed, without costs.