■ In the Matter of FRANK KLEIN, Doing Business as FAIRVIEW NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of the State of New York Department of Health, et al., Appellants. — Appeal from a resettled order and judgment of the Supreme Court at Special Term, entered November 13, 1979 in Albany County, which converted petitioner's proceeding, brought pursuant to CPLR article 78, into an action for declaratory judgment, denied respondents' motion to dismiss, directed the Department of Health to entertain a hearing, and dismissed the petition as premature. Petitioner operates the Fairview Nursing Home (Fairview), a residential health care facility in Forest Hills, New York, which participates in the Medicaid program. On April 14, 1977, petitioner filed for bankruptcy, both in his individual capacity and on behalf of Fairview. Since that time he has operated the facility under chapter 11 of the Bankruptcy Act as a debtor in possession. Dissatisfied with the certified and approved Medicaid reimbursement rates granted Fairview for 1977, petitioner, on June 13, 1977, appealed to the Department of Health to have the rate revised. In January, 1978, he sought revision of the 1978 reimbursement rate. By letter dated October 24, 1978, the department advised it was denying various items of petitioner's appeal whereupon he commenced an article 78 proceeding to have respondents' reimbursement rate computations revised upward and for an order directing that the difference in the amount of the rates, as revised, be reimbursed to petitioner. In their motion to dismiss, respondents maintained that the proceeding was time barred, and also that petitioner had failed to exhaust his administrative remedies. Relying heavily on our decision in *Solnick v Whalen* (63 AD2d 1062), Special Term converted the proceeding to a declaratory judgment action, concluded that it was governed by a six-year Statute of Limitations (CPLR 213, subd 1), but found that it had been prematurely brought because petitioner had failed to exhaust his administrative remedies. Accordingly, the proceeding was dismissed as premature and the matter was remanded to the Department of Health which was directed to entertain an application to be made by petitioner to have a rate review officer of the department review Fairview's reimbursement rates. Thereafter, *Solnick* was reversed by the Court of Appeals (49 NY2d 224). The essential purpose of this proceeding is to effect an upward adjustment in the reimbursement rates of an individual nursing home facility. As the Court of Appeals declared in *Solnick (supra,* p 231), an article 78 proceeding is the proper procedural vehicle for challenging "individualized rates established for a particular litigant". CPLR 217 is, therefore, the governing Statute of Limitations and hence this proceeding is time barred. While we agree that petitioner failed to exhaust his administrative remedies, those remedies are no longer available to him since the 30-day time limitation within which he was obliged to pursue his administrative appeal (10 NYCRR 86-2.14) has long since expired (see *Matter of Plummer v Klepak,* 48 NY2d 486). The fact that hearings have been directed when recoupment of allegedly overpaid reimbursement rates has been sought does not justify granting the instant petitioner a belated hearing. In those instances, the court's concern was directed at due process considerations for, unlike the within appeal which concerns merely an attack on the calculation of the reimbursement rate, there the nursing home's property rights were involved *(Clove*

*Lakes Nursing Home v Whalen,* 45 NY2d 873; *Matter of White Plains Nursing Home v Whalen,* 42 NY2d 838, cert den 434 US 1066; *Matter of Birchwood Nursing Home v Whalen,* 70 AD2d 1020; *Hartman v Whalen,* 68 AD2d 466; *Park Nursing Home v Whalen,* 65 AD2d 902; *Portnick v Whalen,* 65 AD2d 827; *Matter of Bradley v Whalen,* 58. AD2d 664). The contention, raised by petitioner for the first time on this appeal, that his bankruptcy filing tolled the Statute of Limitations in this proceeding is not only inappropriate but without merit. The Bankruptcy Act tolled Statutes of Limitation for claims against the debtor, not by the debtor against the State (US Code, tit 11, §§ 707, 791). Resettled order and judgment reversed, on the law, and petition dismissed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.