OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by declaring the establishment of plaintiff’s 1977 Medicaid reimbursement rate to be valid and, as so modified, affirmed.
As to the 1975 and 1976 reimbursement rates, plaintiff’s action, which was commenced on June 22, 1977, was properly held to be time barred because more than four months from June 25,1976, the date on which the administrative appeal for these years must be deemed to have been determined, had elapsed (Solnick v Whalen, 49 NY2d 224). The post-June 25, 1976 correspondence did not extend the statutory period since it amounted to no more than a request for reconsideration and therefore could not operate to toll the limitations period (Matter of De Milio v Borghard, 55 NY2d 216, 220).
The challenge to the 1977 reimbursement rate, however, is timely. That year’s “rate calculation sheet” was transmitted to the plaintiff by the commissioner on January 24, 1977 and the administrative appeal therefrom was initiated by plaintiff’s protest on February 9, 1977. The com *1004 missioner having failed to act on this protest by the time the suit was commenced on June 22, 1977, the claim for this year was not barred.
Nor, as to the 1977 year, is the doctrine of collateral estoppel applicable. The annual reimbursement rate was subject, among other things, to such computational formulae and regulations as might be established for each year. It follows that whether the Statute of Limitations has run against a challenge to the reimbursement rate for a particular year is an issue not precluded by a determination governing a prior one, since, strictly speaking, the underlying issues will not necessarily be the same (People ex rel. Watchtower Bible & Tract Soc. v Haring, 286 App Div 676, 681 [Halpern, J.]).
On the merits, however, the commissioner’s determination that the plaintiff’s lease did not control the allowance for real property cost in computing the 1977 rate was not arbitrary or capricious (Matter of Sigety v Ingraham, 29 NY2d 110, 114). Because the plaintiff’s three principals each had a 3% ownership interest in the realty leased to the facility, it came within the regulation applicable to a “related organization” as to which the commissioner was free to choose between the “cost to the related organization or the market price” (10 NYCRR 86-2.26). We observe that in this instance the regulation which was in effect at the time that the lease was entered into had been repealed before the plaintiff began its operations. In any event, the prior regulation would not be controlling (Matter of White Plains Nursing Home v Whalen, 53 AD2d 926, 927, affd 42 NY2d 838, cert den 434 US 1066).
Finally, we note that, since this is a declaratory judgment action, the Appellate Division should have directed the entry of a declaration in favor of the commissioner rather than dismissal of the complaint (Lanza v Wagner, 11 NY2d 317, 334).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Simons concur; Judge Meyer taking no part.
*1005 Order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to respondents.