■ JOYCE MURPHY, Appellant, v A. BARTON CASS, as Commissioner of the Department of Public Works, et al., Respondents. JULIO R. MORALES, Appellant, v A. BARTON CASS, as Commissioner of the Department of Public Works, et al., Respondents. JOSEPH J. RISSO, Appellant, v A. BARTON CASS, as Commissioner of the Department of Public Works, et al., Respondents. — In a consolidated action for a judgment declaring, *inter alia,* that (1) the plaintiffs had continuously performed the duties of positions from which they were demoted and to which they were later promoted during a reclassification of their positions, (2) each of the plaintiffs are entitled to salary, seniority and other employment benefits retroactive to the date of their initial appointment to their respective higher level position and (3) the plaintiffs' rights under the Civil Service Law have been violated by the defendants, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated November 30, 1983, which denied the requested relief and dismissed the complaints of the plaintiffs.

Judgment modified, on the law, by deleting from the decretal paragraph thereof the words, "the complaints are dismissed" and substituting therefor the words "it is declared that the defendants did not violate section 80 of the Civil Service Law, that subdivision 8 of rule III of the Suffolk County Civil Services Rules is not unconstitutional on its face or as applied to the plaintiffs, and that the defendants were justified in relying on said subdivision 8 of rule III in refusing to pay the plaintiffs the difference between the salary received by them in their lower job titles and the salary paid to those employed in the higher job titles to which they were subsequently reclassified". As so modified, judgment affirmed, with costs to the respondents.

While Special Term was correct on the merits, it should not have dismissed the complaints but instead should have made a declaration favorable to the defendants (*Holliswood Care Center v Whalen,* 58 NY2d 1001, 1004; *Jewish Center v Mt. Eden Cemetery Assn.,* 12 NY2d 773, 775; *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74, cert den 371 US 901). Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.