■ In the Matter of ARTHUR BROWN, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered March 30, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the State Department of Social Services to pay Medicaid bills submitted by petitioner.

This is a CPLR article 78 proceeding seeking a judgment in the nature of mandamus directing respondents to pay $47,487 in claims for medical services allegedly rendered to Medicaid patients by petitioner, a Brooklyn physician enrolled as a Medicaid provider in the New York State Medical Assistance for Needy Persons Program (Social Services Law, art 5, tit 11). It appears that petitioner's 1981-1983 billing practices for Medicaid patients had been the subject of investigation by the Deputy Attorney-General for Medicaid Fraud Control. After the auditors for respondent State Department of Social Services made a July 20, 1983 recommendation for a complete audit of petitioner's books and records, the department discontinued further payments to petitioner commencing August 2, 1983. Thereafter,

petitioner was given written "Notice of Intent to Take Administrative Action" by letter dated November 18, 1983, which also included a notice of temporary suspension and temporary withholding of payments, as well as a statement of the charges and a demand for restitution in the amount of $1,200,817.38. On January 31, 1984, the department issued an order and determination disqualifying petitioner from the Medicaid program and requiring full restitution. Petitioner's administrative appeal from this decision is presently pending. In the instant proceeding, petitioner seeks payment for claims withheld between August, 1983 and November 18, 1983, i.e., the period during which payment was withheld prior to written notification. Special Term dismissed the petition, giving rise to this appeal.

An order in the nature of mandamus is "appropriate only where the right to relief is 'clear' and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion" (*Matter of Kupersmith v Public Health Council,* 101 AD2d 918, 919, affd 63 NY2d 904, citing *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 96). The act sought to be compelled must be ministerial, nondiscretionary and nonjudgmental, and be premised upon specific statutory authority mandating performance in a specific manner (*Matter of Peirez v Caso,* 72 AD2d 797). None of the sections of the Social Services Law and the applicable rules and regulations require the agency to make Medicaid payments immediately upon receipt of claims submitted by providers. In fact, a related regulation provided a 12-month period within which payment for Medicaid claims were to be paid (18 NYCRR 302.1 [c]; see *Matter of Bay Ridge Diagnostic & Analytical Lab. v Smith,* 71 AD2d 889).

Here, the department did not require keen foresight to become alerted to possible problems in petitioner's claims. He had been the target of both civil and criminal investigations into his prior billing practices. Aware of this information, it would not be unreasonable for the department to withhold payments. We further reject petitioner's contention that the regulations require written notice before payments may be withheld. Specifically, 18 NYCRR 515.6 (a) (1) and 515.7 plainly require written notice only when the commissioner proposes to take a final action on a matter. Moreover, the department has "inherent power to police the quality and value of services rendered by physicians participating in the Medicaid program and to take remedial measures against those whose services are found to be inadequate [or improper]" (*Matter of Rubin v Campbell,* 48 NY2d 805, 807). Under the circumstances presented, the department would have been remiss in its duty to insure the propriety

of services rendered by petitioner if payment was made without first confirming the validity of the service and the correct amount due. Having concluded that mandamus would not be proper in these circumstances, it is unnecessary to reach petitioner's remaining arguments.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.