■ In the Matter of AFTAB A. SIDDIQUI, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Weiss, J.

In 1981, a fiscal review analyst employed by respondent State Department of Social Services conducted a random review of petitioner's billings and claims for payment as a provider under the State's Medical Assistance Program. A computer-generated claim detail report showed petitioner to be a high volume provider with a pattern of what the analyst believed to be overprescribing of drugs, including controlled substances, and that the billings were aberrant. These findings, together with a letter from a mother complaining of prescriptions issued by petitioner to her child for controlled substances, resulted in an internal memorandum within the Medicaid Fraud and Abuse Department recommending a comprehensive quality of care review and investigation for possible fraud by petitioner for the period of October 1979 to October 1981. It was subsequently determined that a second audit should be conducted for the period of November 1981 to May 1984 because of the preliminary findings in the initial audit indicating that petitioner had engaged in unacceptable practices and that the Department might be entitled to restitution of funds disbursed during the audit period. The Department also notified petitioner that his current billings and claims would be reviewed, verified and preaudited prior to payment for a period not to exceed 90 days. Written notification of these two steps was sent to petitioner on June 20, 1984 and July 9, 1984. The instant proceeding was commenced by order to show cause seeking a declaration that the preaudit procedure was invalid and for an order requiring "prompt" payment of petitioner's pending Medicaid claims, as well as his claims during pendency of the proceeding. On September 18, 1984, petitioner received written notice of his temporary suspension in the Medicaid program and, on November 26, 1984, the Department issued a final order and determination that he had been disqualified as a Medicaid provider, together with a claim for restitution in the amount of $259,977.81. Special Term denied the relief sought and dismissed the petition, giving rise to this appeal.

Initially, petitioner contends that the Department lacked authority, either by statute or regulation, to utilize a preaudit procedure, and that the policy of the Department requires that prompt payment of his claim be made. We disagree. There is nothing in the statute or regulations which requires Medicaid payments to be made immediately upon receipt of a provider's claims (*Matter of Brown v New York State Dept. of Social Servs.*, 106 AD2d 740, *lv denied* 65 NY2d 604). When *Matter of Brown* was before this court, we upheld the preaudit

procedures based upon the agency's inherent authority to protect the quality and value of services by providers in the Medicaid program *(supra; see also, Matter of Rubin v Campbell,* 48 NY2d 805). The regulations provide that the time within which to make payment shall not exceed 12 months (18 NYCRR 302.1 [c]; *Matter of Bay Ridge Diagnostic & Analytical Lab. v Smith,* 71 AD2d 889; *but cf. Matter of Brown v New York State Dept. of Social Servs., supra).* Moreover, since a final determination for the second audit has not been made, nor has the legal action or proceeding involving nonpayment of the claim been completed, payment may be deferred (18 NYCRR 302.1 [c] [2]). The public must be assured that Medicaid funds will not be paid to an untrustworthy provider of services *(see, Matter of Camperlengo v Blum,* 56 NY2d 251). To effect this requirement, the Department, which is charged with administering the Medicaid program, is vested with broad discretion in fashioning sanctions to adequately protect the program *(Schaubman v Blum,* 49 NY2d 375).

There is no merit to petitioner's contention that failure to afford a hearing before delaying payment of its claims during the preaudit procedure constitutes a denial of due process. There is no property interest in prompt payment of claims to be protected by due process *(Matter of Birchwood Nursing Home v Whalen,* 70 AD2d 1020; *Park Nursing Home v Whalen,* 65 AD2d 902). These cases hold that there is no right to a hearing until commencement of recoupment of Medicaid funds. The Federal courts have similarly rejected claims that due process has been denied by use of the preaudit procedure *(see, Kashimiri v Perales,* 597 F Supp 495; *Pelini v Blum,* 555 F Supp 181). Nor has petitioner shown that the order for preaudit of all its pending claims was arbitrary and capricious. The showing of a pattern of overutilization of medications and supplies and overprescription of controlled drugs, as disclosed by the first audit, provides a rational basis and factual support for the order *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

Petitioner's remaining arguments have either been waived by the failure to have raised them at Special Term *(Arnold v New City Condominiums Corp.,* 88 AD2d 578) or lack merit.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.