■ In the Matter of WHITE PLAINS NURSING HOME et al., Appellants, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK et al., Respondents. In the Matter of ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Respondents. STANLEY BERGMAN et al., Appellants.— Judgment, Supreme Court, New York County, entered December 19, 1978, denying petitioners' motions to quash subpoenas, dismissing petitions and granting respondents' cross motion to compel compliance with the subpoenas, is unanimously affirmed, without costs. In the present case, a hearing is being conducted before a hearing officer of the State Commissioner of Health pursuant to directions of the Appellate Division, Third Department, and the Court of Appeals in *Matter of White Plains Nursing Home v Whalen* (53 AD2d 926, affd 42 NY2d 838). The two sides before the hearing officer each took the position that it was up to the other to produce the evidence. In the hearing officer's view this threatened both delay in the proceedings and frustration of the object of the hearing, to determine the issues of fact pursuant to the appellate courts' direction. In these circumstances, the hearing officer had inherent power to issue the subpoenas on his own behalf even without application by any party. (In fact the Commissioner of Health had asked that these subpoenas be issued.) The notice of

hearing, particularly coupled with the directions of the appellate courts, adequately informed petitioners of the issues. Concur—Murphy, P. J., Sullivan, Markewich, Lupiano and Silverman, JJ.