Per Curiam.

Petitioner seeks vacatur of an order of this court which, upon its own motion, transferred his appeal to the Appellate Division, Second Department, pursuant to article VI (§ 5, subd b) of the State Constitution (37 NY2d 942).
By an article 78 (CPLR) proceeding, petitioner sought to challenge the constitutionality of section 332 of the Vehicle and Traffic Law. Section 332 authorizes suspension, without a hearing, of a judgment-debtor’s operator’s license and vehicle registration upon certification of his failure to satisfy a judgment for damages sustained in connection with his operation of a motor vehicle. Supreme Court, Orange County, dismissed the proceeding on the merits. Petitioner appealed directly to this court, purportedly as of right. This court, upon its own motion, transferred the appeal to the Appellate Division, Second Department, on the ground that "A direct appeal does not lie where questions other than the constitutional validity of a statutory provision are involved” (see NY Const, art VI, § 5, subd b).
The issue is whether a transfer order is proper when, on a direct appeal, in addition to a constitutional question, a non-constitutional procedural question is presented.
The motion to vacate the transfer order should be denied. On a direct appeal, the only question which may be raised is the constitutionality of a statute (NY Const, art VI, § 3, subd b, par [2]; CPLR 5601, subd [b], par 2). In the instant case, in addition to the constitutionality of the statute, there is a procedural question whether an article 78 proceeding is proper to challenge the constitutionality of the statute. Thus, a direct appeal to this court does not lie, and, hence, the transfer order was proper.
*559 An article 78 proceeding does not lie to review a legislative enactment (see, e.g., Matter of Kovarsky v Housing & Development Admin., City of N. Y., 31 NY2d 184, 191-192, and cases cited). The proper method to test the constitutionality of a legislative enactment is by an action for a declaratory judgment (see, e.g., Dun & Bradstreet v City of New York, 276 NY 198, 206; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.06g).
True, when a case is properly before the court, that is, under unrestricted appealability, such as by appeal from the Appellate Division under CPLR 5602 (subd [a], par 2), it may convert an article 78 proceeding into a declaratory judgment action (see, e.g., Matter of Kovarsky v Housing & Development Admin., City of N. Y., supra, at p 192; Matter of Lake-land Water Dist. v Onondaga County Water Auth., 24 NY2d 400, 406). This appeal, however, could not be properly entertained by the court in the unaltered form of a special proceeding since, in addition to the constitutional issue, there is presented a nonconstitutional procedural question (see Stein-man v Nadjari, 36 NY2d 684).
In short, the purported direct appeal to this court was not properly before it and it lacked power to do anything except to transfer the appeal to the Appellate Division. Thus, the transfer order was proper.
Accordingly, the motion to vacate the transfer order should be denied.
Motion to vacate this court’s order dated November 19, 1975 denied.