Roger J. Miner, J.
In this proceeding pursuant to CPLR article 78 petitioner seeks to annul the determination of respondent Public Health Council in revoking his approval of establishment to operate Park Crescent Nursing Home. The revocation followed a hearing wherein it was determined that petitioner entered a plea of guilty on March 11, 1976 in Supreme Court, New York County, to the crime of unlawful fees and payments in violation of section 77 of the Public Officers Law; it was further determined that petitioner entered a plea of guilty on March 14, 1976 in the United States District Court, Southern District of New York, to the crimes of conspiracy and filing of false statements on Federal income tax returns. The revocation was based upon these criminal violations.
In revoking petitioner’s approval of establishment respondent Public Health Council acted pursuant to the general statutory authority of section 2801-a (subd 10, par [a]) of the Public Health Law which directs the council to adopt rules and regulations "to provide for the revocation, limitation or annulment of approvals of establishment.” Pursuant to that authority the council adopted 10 NYCRR 600.5 (e) allowing the revocation of approval upon a finding "that the established operator has been convicted in a court of competent jurisdiction, either within or without the State, of a crime”. The entry of a plea of guilty constitutes a conviction in New York. (CPL 1.20, subd 13.)
*239 Petitioner claims that section 2801-a (subd 10, par [a]) of the Public Health Law is unconstitutional, since it involves an "unrestricted delegation of legislative power.” This contention must be rejected. "The delegation of power to make the law, which necessarily involves a discretion as to what it shall be, cannot be done, but there is no valid objection to the conferring of authority or discretion as to a law’s execution, to be exercised under and in pursuance of it.” (Matter of Levine v Whalen, 39 NY2d 510, 515.) The Legislature has clearly defined a policy that the character, competence and standing in the community of nursing home operators shall be subjects for consideration by the Public Health Council. (Public Health Law, § 2801-a, subd 3, par [b].) Although this court concludes that there has been no unconstitutional delegation of powers, it is noted that an action for declaratory judgment is the proper method to test the constitutionality of a statute. (Matters of Merced v Fisher, 38 NY2d 557.)
Petitioner further contends that the regulation adopted by the Public Health Council (10 NYCRR 600.5 [e]) is invalid, unreasonable, arbitrary and capricious, since it may proscribe conduct unrelated to the operation of a nursing home. It is argued that the crimes to which the petitioner pleaded guilty in no way affect the operation of a nursing home. In the opinion of the court there is no reason why a criminal act must be related to the operation of a nursing home in order to justify revocation. Conviction of a crime without doubt bears upon character, competence and standing in the community. The public interest in the operation of nursing homes justifies the adoption of a rule that nursing home operators be free from a criminal record. Moreover, in his plea of guilty to violation of section 77 of the Public Officers Law, the petitioner has admitted unlawful conduct involving a member of the Legislature in connection with the promotion of the application for establishment of Park Crescent Nursing Home. Obviously, such illegal activity is related to the operation of the very nursing home subject of this proceeding. Neither the challenged regulation nor the determination made by respondents thereunder is arbitrary, capricious or affected by error of law.