■ In the Matter of BERNARD BERGMAN, Appellant, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, et al., Respondents.—Judgment, Supreme Court, Albany County, entered February 15, 1977, affirmed, without costs, on the opinion of Miner, J., at Special Term [89 Misc 2d 237.] (See, also, *Matter of Sturman v Public Health Council,* 58 AD2d 389.) Greenblott, J. P., Sweeney, Main and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). The hearing given to petitioner was not conducted in accordance with statutory requirements and, as a result, the council was without jurisdiction to revoke his approval of establishment. Section 225 of the Public Health Law enumerates the powers of the Public Health Council. Subdivision 3 states that the council shall have no executive, administrative or appointive duties except as otherwise provided by law. We must presume that the Legislature when it enacted section 2801 was cognizant of section 225 of the Public Health Law. In subdivision 2 of section 2801-a the Legislature clearly stated that when the council intended to disapprove an application it had the right to conduct a hearing before it or to appoint a hearing officer. On the other hand, when the Legislature chose to grant powers to revoke, limit or annul approvals of establishment to the council, it did not include in section 2801-a (subd 10, par [a]) (which deals with the subject) a power of appointment of hearing officers. It granted to the council rule-making power to provide for such revocations, limitations and annulments. The rule-making authority does not encompass appointive authority. In paragraph (b) of subdivision 10 the Legislature required a public hearing and directed the Commissioner of Health to set the time and place. It is logical to conclude that such a hearing was intended to be held before the council. It is a general rule of statutory construction that (McKinney's Cons Laws of NY, Book 1, Statutes, § 74): "A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended." Having concluded that the proceedings before the hearing officer were jurisdictionally defective, the matter should be remitted for a hearing before the Public Health Council in conformity with this decision.

■ CLOVE LAKES NURSING HOME et al., Respondents, v ROBERT P. WHALEN, as Commissioner of the New York State Department of Health, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered December 16, 1976 in Albany County, which converted plaintiffs' article 78 proceeding into an action for declaratory judgment, declared certain Medicaid reimbursement rates established by defendant null and void, and remanded the matter to defendant for further proceedings. We are constrained to reverse the judgment of Special Term and dismiss the petition under the authority of *Matter of Bradley v Whalen* (58 AD2d 664) and *Matter of Park Crescent Nursing Home v Whalen* (55 AD2d 801, app dsmd 42 NY2d 975). (See, also, *Demisay v Whalen,* 59 AD2d 444.) Judgment reversed, on the law, and petition dismissed, without costs. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.