■ In the Matter of MICHAEL A. YANNETT, as Operator of Endicott Nursing Home, Petitioner, v RICHARD A. BERMAN, as Director of Health Services Management, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of respondents which revoked and annulled the hospital operating certificate of petitioner as operator of the Endicott Nursing Home. Petitioner was the sole proprietor and operator of the Endicott Nursing Home, located at Nantucket Drive in Endicott, New York, when, on August 6, 1977, he was found guilty by jury verdict of one count of grand larceny in the second degree, a class D felony, in violation of section 155.35 of the Penal Law. In essence, his crime involved the theft of approximately $26,000 worth of Medicare payments to the Endicott Nursing Home, and shortly after his conviction he was notified that a hearing would be conducted, pursuant to subdivision 5 of section 2806 of the Public Health Law, to determine whether punitive action should be taken regarding his hospital operating certificate because of said conviction. Following the hearing, respondents adopted the hearing officer's recommendation and revoked the certificate, and the instant proceeding ensued. Seeking an annulment of respondents' determination, petitioner initially argues that section 2806 (subd 5, par [c]) of the Public Health Law violates the due process clauses of both the New York State and the United States Constitutions because it denies petitioner his right to a full and fair hearing. We cannot agree. Pursuant to the challenged provision, petitioner's hearing was admittedly limited to a determination of whether he had "been convicted of a felony in connection with any activity or program subject to the regulations, supervision, or administration of the department [of health] or of the department of social services". Once it had been determined in this instance that petitioner had been so convicted, it was then the duty of the Department of Health to decide whether his hospital operating certificate should be revoked, suspended, limited or annulled (Public Health Law, § 2806, subd 5, par [a]). Such procedures did not, as contended by petitioner, make respondents' exercise of discretion in revoking the operating certificate necessarily arbitrary by failing to allow petitioner to offer evidence in explanation of his conduct or rebuttal or by generally making it impossible for a reasonable foundation to be laid upon which respondents could make the determination. At the conclusion of the hearing, and upon the evidence admitted thereat, respondents were clearly enabled to exercise their discretion reasonably and properly in determining whether petitioner's felony conviction was of the type which mandated action regarding his certificate and what sanctions should be imposed in view of the nature and seriousness of the felony (see *Matter of Mandel v Board of Regents,* 250 NY 173). Similarly, we cannot agree with petitioner's contention that subdivision 5 of section 2806 of the Public Health Law denies him due process of law by creating an irrebuttable presumption that

all persons convicted of certain felonies are unfit to operate nursing homes. This argument is plainly incorrect because a nursing home operator convicted of a felony as envisioned in the statute might only have his operating certificate suspended or limited and, consequently, not be put out of business by a revocation. Moreover, even conceding a strong public policy in New York against certain convicted felons running nursing homes, it is well settled that the commission of a crime "has some relation to the question of character" (*Hawker v New York*, 170 US 189, 196) and that the "state has broad power to establish and enforce standards of conduct within its borders relative to the health of everyone there" (*Barsky v Board of Regents*, 347 US 442, 449, affg 305 NY 89). Additionally, other New York statutes provide for the automatic forfeiture of licenses by those convicted of felonies (e.g., Judiciary Law, § 90, subd 4), and such sanctions have passed constitutional muster (cf. *Matter of Mitchell*, 40 NY2d 153). Lastly, petitioner contends that the order of revocation is not supported by substantial evidence because the evidence was insufficient to connect the subject felony with an activity or program under the direction of the Department of Health or the Department of Social Services. Since the crime involved the theft of Medicare funds, however, this claim is obviously frivolous and wholly without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.