## THIRD DEPARTMENT, NOVEMBER, 1978

### (November 2, 1978)

■ ALAN PORTNICK et al., Doing Business as INGERSOLL NURSING HOME, et al., Respondents, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Appellants.—Appeals from separate judgments of the Supreme Court at Special Term, entered March 11, 1977 in Albany County, which declared retroactive adjustments of each of the plaintiffs' Medicaid reimbursements to be null and void, remanded the matter to the Commissioner of Health for due process hearings, and enjoined defendants from withholding current Medicaid payments to collect the illegal rate reductions. Plaintiffs are operators of four different nursing homes licensed by the State of New York pursuant to article 28 of the Public Health Law. The facilities are reimbursed by the State for certain expenses incurred in accepting Medicaid patients. The Department of Health audits the nursing homes periodically. Defendants audited plaintiffs' nursing homes and found varying amounts to have been overpaid to each one. Plaintiffs protested the findings of the audits. The Rate Review Board affirmed the findings of the Department of Health auditor and its recommendation was upheld by the Commissioner of Health. Plaintiffs contend that due process requires the Department of Health to grant them a full evidentiary hearing prior to summary recoupment by the State and that the department's regulation (10 NYCRR 86-2.7) requires such a hearing. Defendants contend that the plaintiffs' actions should have been brought as article 78 proceedings, and are time-barred by the four-month Statute of Limitation found in CPLR 217. Identical issues were most recently decided by this court in *Solnick v*

*Whalen* (63 AD2d 1062), where it was held that plaintiffs were not denied due process for lack of a hearing prior to recoupment, but due process requires a hearing within 90 days of the commencement of recoupment. The determination of audit results of the Ingersoll Nursing Home became final on July 30, 1976, the Harding Nursing Home on May 26, 1976, the Riverdale Nursing Home on December 17, 1976 and the Highland Nursing Home on December 17, 1976 for audits covering 1970-1972 and June 1, 1976 for the 1969 audit. No hearings have yet been accorded the plaintiffs. Recoupment commenced in 1976 with the Ingersoll Nursing Home which was forced to close because of the reduction of payments. As to the others, there is no indication that recoupment has been undertaken. In order to comply with the requirements of due process the formal administrative hearing should be held within 90 days of the date when recoupment is begun by respondents and, as to the Ingersoll Home, within 10 days of notice of this decision. Subdivisions (f) and (g) of section 86-2.7 of title 10 of the Official Compilation of Codes, Rules and Regulations (10 NYCRR 86-2.7 [f] [g]) which provide machinery for a hearing were not effective until January 31, 1977 and are not applicable to the cases at bar. Finally, it has been repeatedly held that an article 78 proceeding is not the proper method of challenging rate-making (e.g., *Clove Lakes Nursing Home v Whalen,* 60 AD2d 687; *Matter of White Plains Nursing Home v Whalen,* 53 AD2d 926, affd 42 NY2d 838, cert den 434 US 1066). Plaintiffs' actions were properly brought as ones for declaratory judgment and are not barred by the four-month Statute of Limitations applicable to proceedings under article 78. Judgments modified, on the law, by deleting the first and third decretal paragraphs thereof and by amending the second decretal paragraph to read: "Ordered and adjudged that the matter be remanded to the Commissioner of Health for the purpose of affording a full administrative hearing to plaintiffs Alan Portnick and Stanley Katz as operators of the Ingersoll Nursing Home within 10 days of the service of this order on the Commissioner of Health and as to plaintiffs, Robert S. Harding as operator of the Harding Nursing Home, Edward J. Kaneb as operator of the Riverdale Nursing Home and Highland Nursing Home, a full administrative hearing on plaintiffs' challenges to the audit results, within 90 days of the effective date of the prospective Medicaid rate adjusted to recoup overpayments resulting from the audit"; and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Larkin, Mikoll and Herlihy, JJ., concur.