In the Matter of AUGUSTUS FALCONE, Petitioner, v STATE
EDUCATION DEPARTMENT et al., Respondents.

Third Department, June 21, 1979

APPEARANCES OF COUNSEL

*Laverne, Sortino & Hanks (Thomas Laverne* and *Mark C. Kriss* of counsel), for petitioner.

*John J. O'Grady* for respondents.

*Kimmelman, Sexter & Sobel (Arthur H. Sobel* of counsel), for New York State Optometric Association, Inc., *amicus curiae.*

## OPINION OF THE COURT

HERLIHY, J.

The petitioner, in the course of his practice as an optometrist, employed an ophthalmic dispenser whom he allowed to fit contact lenses. Section 7121 of the Education Law expressly prohibited the employee's activity by providing: "Contact lenses may be fitted by an ophthalmic dispenser only under the personal supervision of a licensed physician." The petitioner was charged with professional misconduct because of the employment upon the grounds that he was permitting or aiding and abetting an unlicensed person to perform activities requiring a license and/or engaging in unprofessional conduct (Education Law, § 6509, subds [7], [9]).

Initially, there is no substantial merit to the contention of the petitioner that there was a lack of substantial evidence to establish that the employee was fitting the contact lenses as charged. Further, there is nothing to support the complaint that the hearing panel was biased or that there was any denial of due process.

However, *assuming* the constitutionality and validity of so much of section 7121 of the Education Law as implicitly prohibits an ophthalmic dispenser from fitting contact lenses under the supervision of any authorized licensee except a physician, the punishment imposed is excessive. The record does not disclose any reason to believe that the employee was exceeding his training or field of specialty in view of his ability to act under the supervision of a physician. Further, there is no showing that the misconduct was harmful to the public in any particular way. Since the error was at most a technical violation of the Education Law insofar as this record is concerned, the punishment should not be more than technical. Upon the present record the absolute suspension of the petitioner's license for a period of six months is shocking and

bears no rational relationship to the nature of the conduct charged.

■ The petitioner contends that section 7121 of the Education Law is unconstitutional. This issue may not properly be treated in a CPLR article 78 proceeding *(Matter of Merced v Fisher,* 38 NY2d 557). While this court has the power to convert the matter to a declaratory judgment action, it appears as a preliminary matter that the petitioner is not a person aggrieved by said section 7121. The petitioner's license is not directly affected by the license of an opthalmic dispenser and in the present case the flagrant disregard of a statute having presumptive constitutionality is at least unprofessional conduct. Inasmuch as the present proceeding does not disclose a justiciable controversy, the merits of the allegation of unconstitutionality are not considered.

We have read with interest in the brief of the petitioner, the legislative history and attempts at amendments to section 7121 of the Education Law and conclude that no remedial action is required by the courts. At this juncture the problem with the statute, if any, is more legislative than judicial.

The determination should be modified by annulling so much thereof as suspends petitioner's license for two years and stays execution of the suspension for the last 18 months and substituting therefor a provision suspending petitioner's license for a period of 18 months with the suspension stayed and petitioner placed on probation for the period of 18 months, and, as so modified, confirmed, without costs.

GREENBLOTT, J. P., STALEY, JR., MAIN and MIKOLL, JJ., concur.

Determination modified by annulling so much thereof as suspends petitioner's license for two years and stays execution of the suspension for the last 18 months and substituting therefor a provision suspending petitioner's license for a period of 18 months with the suspension stayed and petitioner placed on probation for the period of 18 months, and, as so modified, confirmed, without costs.