■ In the Matter of HAROLD SATIN, Petitioner, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent, dated September 2, 1977, which, after a hearing, revoked petitioner's license to operate a nursing home. Determination confirmed and proceeding dismissed, on the merits, with costs. The issues sought to be raised herein have already been resolved in the cases of *Matter of Springer v Whalen* (68 AD2d 1011, mot for lv to app den 47 NY2d 710) and *Matter of Yannett v Berman* (65 AD2d 667). Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.

■ In the Matter of C. M. WHITE, Appellant, v EDWARD C., Respondent. —In a paternity proceeding, petitioner appeals from an order of the Family Court, Westchester County, dated June 6, 1978, which, after a hearing, dismissed the petition. Order affirmed, without costs or disbursements. We hold that petitioner failed to adduce clear and convincing evidence of respondent's paternity and, therefore, the determination dismissing the petition was correct. Mollen, P. J., Lazer, Cohalan and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL CONTES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 7, 1979, convicting him of assault in the second degree, upon his plea of guilty, and sentencing him to an indeterminate prison term of from two to six years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of imprisonment of from zero to six years. As so modified, judgment affirmed. The record of defendant's allocution is sufficient to support his plea of guilty. Moreover, there are no suggestions of misrepresentations or broken promises which could have rendered the plea involuntary. However, defendant's potential for rehabilitation justifies a reduction in sentence. Rabin, J. P., Cohalan, Margett and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE DAVIS, Also Known as LANCE MOORE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 9, 1978, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Under the circumstances of this case the Trial Judge did not err in ordering the courtroom closed to the public during the testimony of a former undercover police officer who had been laid off two and one-half years earlier. The court held a hearing on the question at which the former undercover officer stated that open court testimony might endanger her life inasmuch as there were unresolved cases in which she had participated and since she was at the time of trial working as a security officer (see *People v Hinton,* 31 NY2d 71; cf. *People v Jones,* 47 NY2d 409). Her testimony was relatively brief (see *People v Garcia,* 41 NY2d 861) and largely repetitive of the testimony of previous witnesses. There was, therefore, no deprivation of defendant's Sixth Amendment right to a public trial (see *People v Hagan,* 24 NY2d 395). We have reviewed the court's charge, and we hold that it correctly set forth the law with respect to the agency defense to a charge of criminal sale of a controlled substance (see *People v Argibay,* 45 NY2d 45). Mollen, P. J., Lazer, Cohalan and Gibbons, JJ., concur.