OPINION OF THE COURT
Roger J. Miner, J.
Petitioner was convicted of a crime upon his plea of guilty to one count of an indictment filed against him in the Superior Court of Hudson County, New Jersey. The statute describing the crime includes the following language: “It shall be unlawful for any person * * * to willfully, by means of a false statement or representation, or by deliberate concealment of any material fact, or other fraudulent scheme or device on behalf of himself or others, obtain or attempt to obtain medical assistance or other benefits or payments under this act to which he is not entitled” (N.J.S.A., §30:4D-17, subd [a] [Public Law 1968, ch. 413, § 17]). Petitioner was charged as a principal in the commission of *92 the offense (N.J.S.A., § 2A:85-14), and was sentenced on October 9,1979 to confinement for 12 months in the Hudson County Penitentiary, with 11 months suspended, and a fine of $1,000. The crime in question carries a statutory penalty of imprisonment for not more than three years or a fine of not more than $10,000, or both. (N.J.S.A., § 30:4B-17, subd [b], par [4].
By letter dated October 17, 1979, respondent notified petitioner that his license to practice nursing home administration in the State of New York was forfeit by reason of the New Jersey conviction. Although the crime for which petitioner stands convicted is classified a misdemeanor under the New Jersey statute, respondent claims that it is a felony in the State of New York. The Public Health Law of this State calls for the forfeiture of a nursing home administration license upon conviction of a felony (Public Health Law, § 2897, sub 2, par [a]), and contains this provision : “In the event that a crime of which the licensee is convicted by any court of the United States or by any court of any other state is not a felony in the jurisdiction in which the conviction is had but is a felony in the state of New York, then the conviction shall be deemed a conviction of a felony for the purposes of this article.” (Public Health Law, § 2897, subd 2, par [b].)
In this proceeding for review pursuant to CPLR article 78 petitioner contends that the Public Health Law provision for forfeiture without a due process hearing is unconstitutional; that the petitioner’s misdemeanor conviction does not invoke a forfeiture under the statute; and that the Superior Court order of March 12, 1980, providing that petitioner’s guilty plea “shall not be evidential in any civil proceeding”, is entitled to full faith and credit in New York.
Section 175.35 of the New York Penal Law describes the felony of offering a false instrument for filing in the first degree and is the equivalent of the New Jersey statute under which petitioner was convicted. It appears that petitioner was involved in the filing of a cost report relating to the claims of a certain nursing home for reimbursement under the Medicaid program. These claims were false and fraudulent in that they included expenses that were not *93 actual costs of operating the nursing home. Petitioner asserts that the New Jersey statute does not include an intent to defraud as an element of the crime, as does the New York statute. This contention is not well taken, since the New Jersey statute refers to a willful false statement or other fraudulent scheme to obtain benefits. A willful act is an intentional act and it is charged in the indictment that petitioner “did knowingly, willfully and unlawfully file” the false cost report. (Penal Law, § 15.05, subds 1, 2.) In any event the penalty provisions of the New Jersey statute constitute petitioner’s crime a felony in New York. (Penal Law, § 10.00, subd 5.)
It is well settled that revocation of a license based upon a felony conviction is constitutional. (Matter of Yannett v Berman, 65 AD2d 667, revd on other grounds 49 NY2d 750.) It has been held that a license for the establishment of a nursing home may be. revoked upon conviction of crimes involving matters relating to the operation of the home. (Matter of Sturman v Public Health Council, 58 AD2d 389; Matter of Bergman v Whalen, 89 Misc 2d 237, affd 60 AD2d 687.) Finally, the New Jersey order prohibiting the consideration of petitioner’s conviction as evidence in any civil proceeding has no extraterritorial effect, and it cannot be said that the automatic forfeiture provisions of the Public Health Law relate to any kind of civil proceeding.