■ In the Matter of MOSES BRAUNSTEIN, Appellant, v BOARD OF EXAMINERS OF NURSING HOME ADMINISTRATORS et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Miner, J.), entered August 20, 1980 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination declaring petitioner's license to practice nursing home administration forfeited. Petitioner, a nursing home administrator who was licensed to practice in New York State, entered a plea of guilty to the sixth count of an indictment handed down in the State of New Jersey. Thereafter, petitioner was notified that his New York State nursing home administrator's license was forfeited pursuant to subdivision 2 of section 2897 of the Public Health Law due to the fact that the crime to which he entered a plea of guilty in New Jersey constituted a felony in New York State. The present proceeding was then commenced seeking to annul this forfeiture. Special Term denied the petition in all respects and this appeal ensued. Initially, petitioner contends that his conviction in New Jersey should not be deemed a conviction of a felony in New York State so as to serve as the basis for a forfeiture of his license to practice as a nursing home administrator pursuant to section 2897 (subd 2, par [a]) of the Public Health Law. A license to practice nursing home administration is forfeited upon the conviction of a felony (Public Health Law, § 2897, subd 2,

par [a]) and the conviction of a crime in another State which is not a felony in that State but is a felony in New York State is deemed a conviction of a felony for purposes of such a forfeiture (Public Health Law, § 2897, subd 2, par [b]). When considering language in former section 1941 of the Penal Law, which is similar to section 2897 (subd 2, par [b]) of the Public Health Law concerning whether an out-of-State conviction would constitute a felony within this State, the Court of Appeals required that where the statute on which the foreign conviction was based renders criminal several acts some of which, if committed in New York, would be felonies and others misdemeanors, then the indictment filed in the foreign jurisdiction must be examined (*People ex rel. Goldman v Denno,* 9 NY2d 138, 140). Petitioner was convicted pursuant to subdivision (a) of section 30:4D-17 of the New Jersey Statutes Annotated which proscribes several acts. We conclude that the standard set forth in *People ex rel. Goldman v Denno* (*supra*) should apply and, therefore, the indictment filed against petitioner must be examined. A plea of guilty was entered by petitioner to the sixth count of the indictment which charged that he knowingly and willfully filed with the New Jersey Division of Medical Assistance and Health Services a cost study which contained false and fraudulent expenses. A person is guilty in New York State of offering a false instrument for filing in the first degree, a class E felony, "when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant" (Penal Law, § 175.35). In our view, the conduct charged in the sixth count of the indictment would constitute the crime of offering a false instrument for filing in the first degree and, consequently, it was properly determined that petitioner's New Jersey conviction should be deemed a felony conviction thus requiring the forfeiture of his license pursuant to section 2897 (subd 2, par [a]) of the Public Health Law (see *People ex rel. Goldman v Denno,* 9 NY2d 138, *supra; People ex rel. Gold v Jackson,* 5 NY2d 243). Petitioner also contends that section 2897 (subd 2, par [a]) of the Public Health Law, as applied to him in this instance, unconstitutionally deprived him of due process. Since the statute is being attacked as unconstitutional as it was applied to the instant facts, the issue is properly before this court in the instant proceeding (see *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449; *Matter of Economico v Village of Pelham,* 67 AD2d 272, 276, affd 50 NY2d 120). It is argued by petitioner that the failure to afford him a hearing in regard to the forfeiture of his license deprived him of due process. The issue to be resolved, however, prior to revoking petitioner's license was whether his New Jersey conviction constituted a felony in New York. Petitioner did not question the fact that he had been convicted in New Jersey under subdivision (a) of section 30:4D-17 of the New Jersey Statutes Annotated nor any of the other operative facts underlying operation of section 2897 (subd 2, par [a]) of the Public Health Law. Having failed to raise any factual dispute necessitating a hearing, petitioner's contention concerning an alleged deprivation of his constitutional right to due process must fail (cf. *Matter of Economico v Village of Pelham,* 50 NY2d 120, *supra*). Petitioner's final contention concerns the order of the Superior Court of New Jersey, which he received upon entering his plea of guilty, that directs that the plea shall not be evidential in any civil proceeding. It is argued that full faith and credit should be given to this order thereby precluding consideration of his New Jersey conviction for purposes of requiring forfeiture of his license to practice nursing home administration pursuant to section 2897 (subd 2, par [a]) of the Public Health Law. The full faith and credit clause of the

United States Constitution requires that the judgment of a State court be given the same credit, validity and effect in every other State which it has in the State it was rendered (*Parker v Hoefer,* 2 NY2d 612; *Phillips v Griffen,* 236 App Div 209). The New Jersey order in question, however, also directs that it shall not have application to any civil action which may be commenced on behalf of the State of New Jersey. In view of this express prohibition against applying the order to a civil proceeding commenced on behalf of the State government, we conclude that the order did not bar the use of petitioner's New Jersey conviction in requiring the forfeiture of his license. Accordingly, the judgment should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur. [105 Misc 2d 91.]