■ In the Matter of MOSES BRAUNSTEIN, Appellant, v BOARD OF EXAMINERS OF NURSING HOME ADMINISTRATORS et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Miner, J.), entered August 20, 1980 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination declaring petitioner's license to practice nursing home administration forfeited. The relevant facts are adequately set forth in *Matter of Braunstein v Board of Examiners of Nursing Home Administrators* (90 AD2d 565) wherein this court recently affirmed Special Term's denial of petitioner's application to annul a determination declaring petitioner's license to practice nursing home administration forfeited. By decision dated February 11, 1983 this court granted petitioner's motion for reargument. Upon reconsideration, we conclude that petitioner's New Jersey conviction should not be deemed a felony conviction requiring the forfeiture of his license pursuant to section 2897 (subd 2, par [a]) of the Public Health Law. Petitioner was convicted in New Jersey pursuant to subdivision (a) of section 30:4D-17 of the New Jersey Statutes Annotated which made several acts unlawful including the falsification of any report or document required under the act. He entered a plea of guilty to the sixth count of an indictment which charged that he knowingly and willfully filed a cost study containing false and fraudulent expenses. While the indictment must be examined pursuant to the standard set forth in *People ex rel. Goldman v Denno* (9 NY2d 138) due to the fact that the New Jersey statute renders unlawful several acts, we are restricted to consideration of only those operative facts which constitute the criminal offense as defined in the statute (*People v Olah,* 300 NY 96, 98; *People v Augle,* 87 AD2d 348, 349). The sole criminal act relevant under the statute is the falsification of a report. There is no require-

ment in the statute that such falsification be willful or fraudulent and, therefore, phrases in the indictment such as "knowingly", "willfully" and "fraudulent" must be considered surplusage and discounted in determining whether the crime of which petitioner was convicted in New Jersey is to be deemed a felony in New York (*People ex rel. Gold v Jackson*, 5 NY2d 243, 245). Under New York law, offering a false instrument for filing constitutes a felony when it is done with an intent to defraud the State or any political subdivision thereof (Penal Law, § 175.35) and in the absence of such an intent the act constitutes a misdemeanor (Penal Law, § 175.30). Discounting the surplusage in the indictment as we must, petitioner's New Jersey conviction cannot be considered the equivalent of a conviction of a felony under section 175.35 of the Penal Law, but at most, equivalent to a misdemeanor conviction. Accordingly, the judgment must be reversed and the determination declaring petitioner's license to practice nursing home administration forfeited annulled. Judgment reversed, on the law, without costs, petition granted, respondents' determination declaring petitioner's license to practice nursing home administration forfeited annulled, and respondents directed to reinstate petitioner's license forthwith. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.