OPINION OF THE COURT
Lawrence E. Kahn, J.
The above-entitled matter has been transferred to this court for determination pursuant to the order of the Honorable Robert C. Williams, Supreme Court Justice.
By decision dated October 21, 1980, this court denied a procedural motion by defendants to dismiss the petition based upon certain objections in point of law. Following said determination, respondents submitted a verified answer which consented to a judgment granting the petitioner’s demand that respondents process an audit appeal regarding the disallowance of petitioners’ 1974 incentive allowance. In all other respects, the answer prays for a dismissal of the petition. The issue now ripe for determination is whether respondents should be enjoined from continuing the recoupment of the 1974 incentive allowance during the pendency of the audit appeal.
Respondents assert the 1978 Court of Appeals decision in Clove Lakes Nursing Home v Whalen (45 NY2d 873) is dispositive of the request for injunctive relief. On the facts presented therein, the court determined that there was adequate protection given to the nursing home, and, so *804 long as a hearing was held promptly after the adjustment and installment recoupments were ordered, the failure to hold a prerecoupment hearing did not deprive the nursing home of property without due process of law. However, in the case at bar, there are significant factual variations from the Clove Lakes decision which necessitate a contrary result.
In Clove Lakeg, the court’s conclusion that due process was not involved was based upon the fact that the procedure set forth provided the claimant with an effective method for asserting his claim prior to any administrative action. “Moreover, the department afforded Clove Lakes the opportunity to challenge the audit through written submissions before the rate adjustment was effective. In addition, Clove Lakes participated in *** an ‘Exit Conference’, held by the department before the audit was made final.” (Clove Lakes Nursing Home v Whalen, supra, p 875; italics supplied.)
In the case at bar, none of these procedural safeguards were afforded the petitioner. In short, none of the safeguards mandated by the Court of Appeals have been afforded to respondent. As was quoted by the Court of Appeals in Clove Lakes (supra, p 875), “‘All that is necessary is that the procedures be tailored, in light of the decision to be made, to “the capacities and circumstances of those who are to be heard,” Goldberg v. Kelly, 397 U.S., at 268-269’” (Mathews v Eldridge, 424 US 319, 349). What becomes glaringly obvious in the case at bar, is that petitioners have never been heard. As such, the Court of Appeals definition of due process applicable to the procedure being utilized herein, requires the conclusion that due process has not been afforded. Petitioners are entitled to the injunctive relief which they now seek, pending the audit appeal concerning the disallowance of petitioners’ 1974 incentive allowance.