*181 OPINION OF THE COURT
Joseph P. Kuszynski, J.
Plaintiffs, Niagara Falls Memorial Medical Center and Brookdale Hospital Medical Center, seek a preliminary injunction preventing the State of New York from recouping money paid for the treatment of Medicaid patients at their hospitals before the defendant, David Axelrod, State Commissioner of Health, renders a decision on the issue of volume adjustments, and before plaintiffs are afforded due process evidentiary hearings. Counsel had stipulated at an appearance before this court on January 5, 1982 that the submitted matter should be considered as a motion for summary judgment.
According to the defendants, the plaintiff hospitals were put on notice in 1979 that after the close of the year 1980 the State would adjust the amount of its contributions paid during 1980 for Medicaid patients treated at the facilities. The regulation on “volume adjustment” was first promulgated on November 7, 1979 at 10 NYCRR 86-1.12. In essence, these adjustments were based on the principle that where the number of patients treated at a hospital per year increases, the total reimbursement paid per patient should actually decrease since the fixed hospital and overhead costs are divided among the greater number of patients.
An affidavit of Don A. Corey, president of the Niagara Falls Memorial Medical Center recites that the adjustments as computed by the State would result in a $700,000 retroactive decrease in funds awarded the two hospitals.
Department of Health, “Health Facilities Memorandum No. 80-76” issued on December 29, 1980 provided that in cases where a change in patient days of less than 5% as compared to the base year of 1978 accrued, the rate changes would be automatically calculated. Where a facility had an increase in patient days of more than 5%, the facility would have an opportunity to demonstrate “within 90 days from the close of the rate year” that the State’s formula should be modified.
The Niagara Falls Medical Center had an increase in patient days greater than 5% and submitted an appeal in a *182 timely manner on March 26,1981. The Brookdale Hospital Medical Center had a patient day increase of only 3.34%, but also submitted an appeal on March 26, 1981. It is undisputed that both hospitals have not yet been apprised of any decision by the Department of Health regarding these appeals.
Health Facilities Memorandum No. 80-76 also stated that after the data on 1980 patient days was made available, that “prior to July 1, 1981 * * * each facility’s 1980 inpatient rate will be republished to reflect the recalculation for the volume adjustment”. This statement is in accord with the provisions of 10 NYCRR 86-1.12.
The rate was not, however, republished prior to July 1, 1981. Instead of republishing, the Department of Health issued an amended section 86-1.12 on July 21,1981 which, by changing the formula used, reduced the amount of money the hospitals would have to return to the State.
It appears that the amendment was introduced due to the significant number of appeals which the State received, estimated at oral argument to be between 80 to 100. It is obvious that the State hoped that the amendment would reduce the number of appeals. A letter to the hospitals dated October 29, 1981 from Joanne M. J. Quan, Deputy Director, Division of Health Care Financing reads, “Since at this time you are now receiving your new certified rate, and the regulations relating to Part 86-1.12 have changed, you may wish to reconsider your appeal”. The hospitals were also finally notified on October 29, 1981 of the dollar amount of the formula adjustments.
Both plaintiffs notified the State within 30 days of October 29,1981 of their desire to have their appeals processed. In November, without any individual decisions having been rendered by the Commissioner of Health on plaintiff hospitals’ original appeals, and without any action having been taken regarding their November requests to continue their appeals, the defendants notified the hospitals that the State would begin recouping the amount of the 1980 volume adjustments on December 16, 1981. This pronouncement resulted in the present action and request for injunctive relief. On January 5,1982, it came to the court’s *183 attention that the State commenced recoupment on December 30, 1981 from hospitals other than the two named plaintiffs.
The crux of the matter is not if the hospitals involved have a right to appeal, but whether the appeals have to be decided prior to the actual recoupment of funds.
Plaintiffs maintain that a decision on their appeals filed on March 26, 1981 should have been rendered by July, 1981, under the provisions of 10 NYCRR 86-1.12, 86-1.17 (c), and the Department of Health’s Hospital Memorandum No. 76-132, dated December 15, 1976 which applies to appeals under NYCRR Part 86. It is maintained on behalf of the plaintiffs that based upon due process and the aforementioned rules and regulations, they are at least entitled to an answer to their appeals before the recoupment of moneys begins. Plaintiffs also argue that if the decision of the Commissioner of Health is adverse to their interests, this court should require full evidentiary hearings to be held on every appeal.
This court disagrees with plaintiffs’ first argument that they are entitled by due process to a decision prior to recoupment. Goldberg v Kelly (397 US 254, 268-269) found that the protection of administrative procedures is to be balanced according to “the capacities and circumstances of those who are to be heard.” Plaintiffs must be given the opportunity to be heard prior to recoupment. (Matter of Rowland v Axelrod, 108 Misc 2d 803) and this was done in the present situation. The appealing hospitals all submitted written objections to the recoupment plan within 90 days of the end of 1980. Further, negotiations regarding the over-all rate scheme took place between the Hospital Association of New York State, of which both hospitals are members, and the Department of Health, which resulted in the July, 1981 amendment which reduced the amount of the recoupment.
Moreover, with the large number of hospitals involved in the rate recoupment, the minimum standards of due process were met by the defendants. To grant the plaintiffs and the other hospitals not before this court the right to have their appeals decided prior to recoupment, and to *184 additionally require the State to grant full evidentiary hearings to each hospital not satisfied with the results of appeal process, would unreasonably hamper the normal administration of payment of Medicaid benefits throughout the State.
In a matter involving the recoupment of Medicaid payments after an audit, the Court of Appeals has held that “failure to hold a prerecoupment hearing does not deprive nursing homes of property without due process of law”. (Clover Lakes Nursing Home v Whalen, 45 NY2d 873, 874.)
As part of their argument that the regulations and memoranda require defendants to render a decision prior to recoupment, plaintiffs cite Matter of Severino v Ingraham (59 AD2d 587) and other cases for the proposition that “an administrative agency is bound by its own regulations which have the full force and effect of law”.
10 NYCRR 86-1.12 states that “[wjithin six months following the rate period, a volume adjustment to the rate will be made”. Since Health Facilities Memorandum No. 80-76 required the filing of a petition to the volume adjustment within 90 days of the end of the 1980 rate year, the plaintiffs read 10 NYCRR 86-1.12 as requiring that decisions on their appeals should have been rendered before July 1, 1981.
Defendants do not deny that they failed to republish within six months, and did not do so until October 29,1981, but contend that the July 21, 1981 amendment of 10 NYCRR 86-1.12 negated the need to publish within six months. The State maintains that the amendment changing the formula of volume adjustments worked to the advantage of the hospitals, and as such plaintiffs were not harmed by the delay of the publishing.
The State points with emphasis to other provisions of 10 NYCRR 86-1.12 which require that “all payment adjustments resulting from the application of this provision shall be made within six months following the republication of rate referred to above” (10 NYCRR 86-1.12 [c]). Defendants claim that their attempt to recoup the volume adjustments on December 16, 1981 are properly being made within six months of the October 29, 1981 republication.
*185 This court agrees with defendants that the provisions of 10 NYCRR 86-1.12 do not require an answer to an appeal within six months of the end of the rate year, but only controls the time in which defendants must republish their adjusted rates. Moreover, the July, 1981 amendment of 10 NYCRR 86-1.12, reducing the amount of the recoupment on a State-wide basis, was a good faith attempt on the part of the defendants to consider the objections of the hospitals to the volume adjustment plan. The State, therefore, should not be penalized for not publishing the new rates prior to July 1, 1981, as such action would only have been voided by the amendment. The delay of the State in commencing recoupment has in actuality worked totally in favor of the plaintiffs’ financial interests.
Nor does 10 NYCRR 86-1.17 (c) require an appeal to be processed before recoupment begins. The only time limit contained in 10 NYCRR 86-1.17 (c) (1) requires that appeals of rate revisions be made within 30 days of their affirmation. In the present matter, the defendants gave the plaintiffs 30 days from the republication of the rates on October 29, 1981 to make known their desire to continue their appeals. The only other requirement of 10 NYCRR 86-1.17 (c) (2) is that the appeals be reviewed by a rate review officer who shall order, if he determines that a factual issue exists, a hearing to be “held in conformity with the provisions of section 12-a of the Public Health Law and the State Administrative Procedure Act.”
Finally, plaintiffs submit to the court’s attention a Department of Health memorandum dated December 15, 1976 entitled “Review of Formula Implementation”. Plaintiffs’ reply memorandum states that “the general provision governing hospital rate appeals (10 NYCRR 86-1.17) has been supplemented by a Department of Health ‘Hospital Memorandum’ * * * pointing out that the departmental appeal procedure ‘imposes time limitations for State decisions’ * * * The time limits include a specific guarantee that the Commissioner of Health shall decide rate revision appeals within ninety days”.
A review of 10 NYCRR 86-1.17 to which the hospital memorandum pertains reveals, however, that when it was first adopted on September 30, 1976 and subsequently *186 amended on November 29, 1976, it contained none of its present time limits or procedures concerning appeals of certified rates. The requirement for filing appeals within 30 days of their affirmation, for review by a rate review officer, and of a hearing in accordance with section 12-a of the Public Health Law and the State Administrative Procedure Act, were not added to 10 NYCRR 86-1.17 until after the hospital memorandum of December 15, 1976 was published.
Thus, while the hospital memorandum does contain certain time limitations governing the filing of appeals and rendering the decisions thereon by the Commissioner of Health, procedures found in the present 10 NYCRR 86-1.17 are clearly at variance with the provisions of the 1976 hospital memorandum and therefore supersede and replace the memorandum.
Petitioners’ motion for injunctive relief is denied and summary judgment is granted in favor of the defendants.