■ In the Matter of EDEN PARK HEALTH SERVICES, INC., et al., Respondents, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered June 22, 1979 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to obtain a full evidentiary hearing in the matter of reimbursement rates for the nursing home facilities owned and managed by petitioners. Petitioners, the owners and operators of seven nursing homes licensed by the State of New York, after their petition challenging the authority of the Commissioner of the Department of Health to establish new rates for 1976 was dismissed,* commenced this CPLR article 78 proceeding, by leave of Special Term, to compel the Department of Health to hold a hearing as to the validity of the reimbursement rates so established. The commissioner contends that petitioners are not entitled to a hearing because the rates were based upon operating costs reports rather than a field audit, and, further, petitioners have no property interest in the rates set for 1976. It has been held that a nursing home is entitled to a hearing on its challenge to an audit, and the remedy would be a CPLR article 78 proceeding to compel the department to hold a hearing *(Clove Lakes Nursing Home v Whalen,* 45 NY2d 873). The contention of respondent that, since there has been no audit in these proceedings, petitioners are not entitled to a hearing, should not control, since rates are promulgated based upon cost reports, and the determination of such rates should be subject to review regardless of whether or not they were based on an audit or reports submitted to the department. "Where the exercise of a statutory power adversely affects property rights—as it does in the present case—the courts have *implied* the requirement of notice and hearing, where the statute was silent" *(Matter of Hecht v Monaghan,* 307

---

* Declaratory judgment action.

NY 461, 468; see *Hartman v Whalen,* 68 AD2d 466, 469). In August of 1975, the Legislature, reacting to widespread publicity concerning the dismal conditions prevailing in many nursing homes, enacted legislation ordering the Commissioner of Health to promulgate "interim" regulations which would relate reimbursement not only to *cost factors,* which it was believed had caused providers to operate their facilities in terms of dollar return based on expenditures rather than quality of care, but also "to the quality of patient care provided by the facility" (Public Health Law, § 2808, subd 1, par a). The commissioner, however, anticipating further statutory direction, did not promulgate "interim" regulations until October of 1976. Thus, there was a period between August 6, 1975, the effective date of section 2808 of the Public Health Law, and October of 1976 when there were neither reimbursement rates related to costs nor "interim" rates as commanded by section 2808. The action of the commissioner in extending the 1975 rates throughout 1976 as "tentative" rates subject to "upward and downward revision", at most, sustained a contractual relationship between health providers and the Department of Health, but made the requisite consideration, i.e., the "tentative" rates, so uncertain that no implied contract right on the part of the providers can be inferred that would rise to the level of a property interest requiring a hearing for that period *(Matter of Jewish Mem. Hosp. v Whalen,* 47 NY2d 331, 340; *Matter of Kaye v Whalen,* 56 AD2d 111, 119, affd 44 NY2d 754, app dsmd 439 US 922; see *Demisay v Whalen,* 59 AD2d 444, 447). Judgment modified, on the law, by striking therefrom the provision providing for a hearing with respect to the 1976 rates, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.