■ In the Matter of EDEN PARK HEALTH SERVICES, INC., et al., Respondents, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered April 21, 1981 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to compel the State Department of Health to provide petitioners a full evidentiary hearing on their 1977 Medicaid reimbursement rates. Petitioners commenced an article 78 proceeding in December of 1978 seeking an order declaring that they were entitled to full evidentiary hearings concerning the Medicaid reimbursement rates established for their facilities for the years 1976 and 1977. Upon the grant of such relief by Special Term, the State Commissioner of Health appealed to this court. We modified the judgment of Special Term by reversing that portion which provided for a hearing with respect to the 1976 rates and, as so modified, affirmed (*Matter of Eden Park Health Servs. v Whalen,* 77 AD2d 673). Petitioners then made a motion in this court for a clarification of our decision and requested that we direct the hearing on the 1977 reimbursement rates to proceed within 90 days. In opposition to this motion, the Attorney-General argued that petitioners were not entitled to a hearing on the 1977 rates and requested that Special Term's judgment be reversed in its entirety rather than modified. We denied the motion for clarification on September 5, 1980. Only petitioners elected to appeal this court's previous order to the Court of Appeals. The Court of Appeals affirmed the modification of Special Term's judgment for the reasons stated in this court's memorandum (*Matter of Eden Park Health Servs. v Whalen,* 54 NY2d 929). Meanwhile, the instant article 78 proceeding was commenced by petitioners in November of 1980 to compel the State Department of Health to schedule a hearing on petitioners' 1977 reimbursement rates. Special Term, noting that its original judgment directing that hearings be held on both the 1976 and 1977 rates had only been modified as to the 1976 rates, ordered that the Department of Health schedule a hearing on petitioners' 1977 Medicaid reimbursement rates within 120 days. This appeal ensued. Regardless of whether case law supports the decision to afford petitioners a full evidentiary hearing on their 1977 rates, the principle of *res judicata* requires the affirmance of Special Term's judgment directing that such a hearing be held. If the Department of Health disagreed with this court's previous order which left intact that portion of Special Term's judgment declaring petitioners' entitlement to a hearing on their 1977 rates, its remedy was to seek review in the Court of Appeals. Having failed to do so, it is bound by that determination and may not collaterally attack it in this proceeding. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Levine, JJ., concur.