■ In the Matter of LOWELL SCHOOL, INC., Respondent, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered November 22, 1982 in Albany County, which, in a proceeding pursuant to CPLR article 78, mandated that a hearing be conducted by respondents in accordance with the State Administrative Procedure Act with regard to factual issues underlying the recomputation of the tuition rate allowed for petitioner for the 1976-1977, 1977-1978 and 1978-1979 school years. At issue on this appeal is whether Special Term erred in directing an administrative evidentiary hearing to consider petitioner's protest to respondents' audit and resulting retroactive reduction of petitioner's tuition rate for the school years 1976-1977 through 1978-1979. We hold that petitioner is not entitled to such a hearing. Petitioner is a private school approved by the Commissioner of Education, pursuant to article 89 of the Education Law, to provide educational services to handicapped children for whom no appropriate public programs are available. Effective July 1, 1976, the provisions of the Education Law concerning the instruction of handicapped children and the funding for such instruction were revised (L 1976, ch 853). New contracts with approved private schools such as petitioner, conforming to the revised statutory scheme, were issued by the commissioner in October, 1976. Pursuant to the contract, petitioner agreed to "provide adequate instruction for children with handicapping conditions approved by the Commissioner * * * to attend [petitioner's] school". In return for these services, the State was obligated to pay "the agreed upon tuition rate approved by the Commissioner". The contract required payments of 30% of the "total amount estimated to be due for the school year" on or before September 1, November 15 and February 15, with the remainder due on or before June 30. The contract further provided that "[a]ny overpayments will be reimbursed by the [petitioner] to the State". Subdivision 5 of section 4401 of the Education Law defines "tuition" as "the per pupil cost of all instructional services, supplies and equipment, the operation of instructional facilities and allocable debt service for the instructional facility, as determined by the commissioner". Petitioner asserts that as a result of delays and confusion in implementing the requirements of the revised article 89 of the Education Law, there were a large number of pupils with handicapping conditions in the New York City area for whom no public programs were available, but who had not received the required approval to attend private schools. Petitioner avers that it accepted a number of these pupils during the school years at issue with the expectation that the pupils would thereafter receive approval for public funding. Ultimately, some of these pupils received approval; others did not. In seeking reimbursement from the State during the school years at issue pursuant to its contract, petitioner calculated its per pupil cost by dividing its total annual cost by the number of pupils actually approved for public funding. Following an audit conducted in 1980, the Education Department determined that the tuition rate should be calculated by dividing the total cost by the total number of pupils, including those who had not been approved for public funding. The audit also resulted in the elimination or limitation of certain expenses used by petitioner in determining its total annual costs. Petitioner's protests were, for the most part, unavailing, and the resulting overpayments were scheduled to be recouped from petitioner's future tuition rate payments. Petitioner commenced this CPLR article 78 proceeding, alleging that the recalculation of its per pupil cost on the basis of total enrollment and the elimination or limitation of various expenses were arbitrary and capricious. Analogizing tuition reimbursement under article 89 of the Education Law to Medicaid reimbursement under article 28 of the Public Health Law, Special Term concluded that since recoupment of moneys already

paid to petitioner would result from respondents' determination, petitioner was constitutionally entitled to a prompt administrative evidentiary hearing on its protest. This appeal by respondents ensued. Special Term erred in equating tuition reimbursement under article 89 of the Education Law with Medicaid reimbursement under article 28 of the Public Health Law for the purpose of determining whether due process requires a hearing whenever recoupment of overpayments is sought. In *Matter of White Plains Nursing Home v Whalen* (53 AD2d 926, 927, affd 42 NY2d 838, cert den 434 US 1066), we stated: "[A]ppellant seeks to recoup past overpayments for services performed by petitioner at a rate *previously certified by the State*. The petitioner undertook to perform its nursing services in reliance upon the said rate and has received the money. Under such circumstances, we must conclude that petitioner has a property right in the alleged overpayments" (emphasis added). Similarly, in *Matter of Park Crescent Nursing Home v Whalen* (55 AD2d 801, 802, app dsmd 42 NY2d 975), we held that "petitioner has a property right in the recouped $890,000 which it was paid for nursing services that it provided in reliance upon a *previously certified* reimbursement rate" (emphasis added). In contrast, the State's payments to petitioner herein were not at any previously certified or approved rate. Rather, pursuant to the specific terms of its contract, petitioner received payments based upon estimates and expressly agreed to repay any overpayments. Under such circumstances, the initial rate was tentative at best, and petitioner had no vested property right in such a rate (*Matter of Jewish Mem. Hosp. v Whalen,* 47 NY2d 331, 340; *Matter of Eden Park Health Servs. v Whalen,* 77 AD2d 673, 674, affd 54 NY2d 929; see, also, *Matter of Kaye v Whalen,* 56 AD2d 111, 119, affd 44 NY2d 754, app dsmd 439 US 922). Having no property interest in the overpayments, petitioner is not entitled to an evidentiary hearing (*id.*). The judgment should be reversed and the matter remitted to Special Term for consideration of the merits of petitioner's various claims that the audit and resulting retroactive reduction of the tuition rate for the school years at issue were arbitrary and capricious. In the event that factual issues arise during consideration of the merits, they may be resolved in the context of this proceeding (*Dubendorf v New York State Educ. Dept.,* 71 AD2d 837). Judgment reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.