■ CERTIFIED CARPET CLEANING Co., INC., Appellant, v ST. PAUL FIRE & MARINE INSURANCE, Respondent. — In an action for a judgment declaring that defendant is obligated to defend and indemnify plaintiff in an action entitled "Sidney Horowitz, plaintiff, against Carpets by Certified, Inc., defendant", the appeal is from an order of the Supreme Court, Kings County (Monteleone, J.), dated November 17, 1983, which granted defendant's motion for summary judgment, denied plaintiff's cross

motion for summary judgment and thereupon dismissed the complaint.

Order modified, on the law, by adding thereto a provision declaring that defendant's policy did not provide coverage for the claim asserted by the plaintiff. As so modified, order affirmed, with costs to defendant.

Defendant insured the appellant, a carpet cleaner, against damage caused by certain named perils to goods accepted from customers, *inter alia,* for cleaning and laundering. Among the perils insured against was "[l]oss or damage to goods from water damage". The policy also covered damage caused by "FLOOD" or "SPRINKLER LEAKAGE".

Sidney Horowitz brought an action against the appellant to recover damages allegedly resulting from the negligent cleaning of his Iranian rug. In an answer to an interrogatory, Horowitz stated that, "[t]he manner in which the damage occurred is that the [appellant herein] apparently used [an] improper process of washing and shampooing and did not use a mild organic material as would have been proper under the circumstances".

Appellant brought this declaratory judgment action to obtain an adjudication that defendant is obliged under the policy to defend and indemnify it in the lawsuit commenced by Horowitz. Appellant claims that damage caused by its washing and cleaning comes within the clause of the policy insuring against water damage. Special Term granted defendant's motion for summary judgment and denied appellant's cross motion for summary judgment in its favor. We agree.

Generally speaking, water damage insurance covers the risk of damage from the accidental discharge, leakage or overflow of plumbing systems. Such insurance is to be distinguished from insurance which covers loss from water, rain, or flood caused by a natural phenomenon (*see,* 10A Couch, Insurance 2d § 42:450 [rev ed]). Although the clause in the policy before us may be sufficiently ambiguous as to provide coverage when the damaging water comes from sources other than plumbing systems, no reasonable construction would provide coverage in the situation at bar where the damage is alleged to have resulted from using the wrong cleaning solution.

Since the policy clearly did not provide coverage for defendant's negligence in cleaning items left in its care, Special Term properly granted defendant's motion for summary judgment and denied appellant's cross motion. However, it erred in failing to declare the rights of the parties and the order appealed from has

therefore been modified accordingly (*Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74; *Holliswood Care Center v Whalen,* 58 NY2d 1001, 1004). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.