■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants.—Order unanimously affirmed, without costs. Motion to dismiss appeal denied. (Appeals from order of Monroe Supreme Court—dismiss State Div. of Human Rights proceeding.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ SALVATORE SCHERZI, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—Order unanimously affirmed, with costs. Memorandum: This is a declaratory judgment action in which Special Term granted summary judgment to plaintiff and ordered that judgment be entered declaring that defendant is liable to the plaintiff under a certain insurance policy issued by the defendant. On April 11, 1975 plaintiff's infant daughter, a pedestrian, was seriously injured when she was struck by a motor vehicle. It is alleged that as a result of her injuries, plaintiff has incurred or will incur medical expenses far in excess of $50,000 for her care and treatment. The insurance carrier for the owner and operator of the vehicle which struck plaintiff's daughter paid to plaintiff the maximum first-party benefits under its policy in the sum of $50,000. Plaintiff is the named insured in a policy issued by defendant which sets forth in the declarations that coverage shall include, *inter alia,* the following: "VA MANDATORY PERSONAL INJURY PROTECTION—AS SPECIFIED IN ENDORSEMENT—$50,000 EACH PERSON—TOTAL AGGREGATE LIMIT: VB ADDITIONAL PERSONAL INJURY PROTECTION $50,000 EACH PERSON—TOTAL AGGREGATE LIMIT: MEDICAL EXPENSES SUBJECT TO AGGREGATE LIMIT WORK LOSS —MAXIMUM $1,000 PER MONTH: OTHER EXPENSES—MAXIMUM $25 PER DAY". Part 3 of the policy, entitled "COVERAGE VB—Additional Personal Injury Protection" provides that "Allstate will pay additional first-party benefits to reimburse for extended economic loss on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle and sustained by: (a) a named insured or any relative". To the extent relevant here, "additional first-party benefits" are defined in the policy as "payments equal to extended economic loss". The policy defines "extended economic loss" as consisting of "the difference between (i) basic economic loss; and (ii) basic economic loss recomputed in accordance with the time and dollar limits set out in the declarations". Basic economic loss may not exceed $50,000 (Insurance Law, § 671, subd 1; 11 NYCRR 65.1). The dollar limits of the policy amount to $100,000; $50,000 in mandatory personal injury protection and $50,000 in additional personal injury protection. Plaintiff already has received the full amount of basic economic loss on behalf of his infant daughter. Thus, on the recomputation of plaintiff's statutorily authorized expenses (Insurance Law, § 671, subd 1, pars [a], [b], [c]), the difference between $50,000 and the total policy limit of $100,000 will represent plaintiff's extended economic loss and will determine the extent of defendant's liability under the policy. Other issues raised by the defendant are without merit. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.