■ MAUREEN POWERS, Appellant, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Respondent. — In an action for a declaratory judgment, plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered May 3, 1984, which denied plaintiff's motion for summary judgment and granted defendant's cross motion to dismiss the complaint with prejudice, and (2) a judgment of the same court, dated June 18, 1984, entered thereon.

Appeal from the order dismissed (*see, Matter of Aho*, 39 NY2d 241, 248).

Judgment modified, on the law, by deleting the provision dismissing the complaint and substituting therefor a provision declaring that "upon the circumstances presented here, no-fault benefits are not stackable." As so modified, judgment affirmed.

Defendant is awarded one bill of costs.

Pursuant to Insurance Law § 5102 (a), " 'Basic economic loss' " encompasses various losses "up to fifty thousand dollars per person". Thus, while "stacking" of policies is generally permitted in the area of liability insurance (*see, Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,* 51 NY2d 651), the no-fault act does not permit the duplication of payments for basic economic loss over and above the $50,000 ceiling (12A Couch, Insurance § 45, p 65). Although additional personal injury protection may be purchased (*see,* 11 NYCRR 65.13; *Record v Royal Globe Ins. Co.,* 83 AD2d 154), that is not at issue here.

Inasmuch as plaintiff has already obtained the maximum recovery for basic economic loss from her own automobile insurer by holding herself out as a pedestrian struck by a hit-and-run vehicle (*see,* 11 NYCRR 65.12 [c]), she cannot duplicate her recovery by now holding herself out as a passenger in the vehicle of defendant's insured. The judgment must be modified, however, because the proper procedural disposition of a declaratory judgment action is to make an appropriate declaration rather than to dismiss the complaint (*Holliswood Care Center v Whalen,* 58 NY2d 1001, 1004). Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.