■ DANIEL PITTEL et al., Respondents, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [679 NYS2d 641] —In an action for a judgment declaring that the defendant, State Farm Mutual Automobile Insurance Company, is obligated to pay first-party no-fault benefits under the Mandatory Personal Injury Protection Endorsement of an insurance policy issued by it to the plaintiffs, the defendant appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), entered October 8, 1997, which denied its motion for summary judgment declaring that it was not so obligated.

Ordered that the order is reversed, on the law, with costs,

the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant, State Farm Mutual Automobile Insurance Company, is not obligated to pay first-party no-fault benefits to the plaintiffs.

On June 13, 1994, the infant plaintiff was seriously injured when, while riding his bicycle, he was struck by a vehicle owned by Thrift Auto Painting Co. (hereinafter Thrift). Thrift's insurer, Aetna Casualty and Surety Company (hereinafter Aetna), paid the plaintiffs $50,000, the full sum available under the personal injury limits of its no-fault policy. Thereafter, the infant plaintiff and his parents sought to collect the full $50,000 benefit available under the Mandatory Personal Injury Protection endorsement of the parents' no-fault policy with the defendant, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), citing the gravity of the infant plaintiff's injuries and his continuing medical expenses. Although State Farm paid its insureds the full amount of the benefit available under the Additional Personal Injury coverage of the policy in question, it refused to pay the $50,000 in Mandatory Personal Injury Protection, arguing that that category of loss had already been discharged by Aetna.

Under the terms of both the No-Fault law and the policy of insurance at issue here, State Farm was not obligated to pay its insureds first-party benefits for basic economic loss, because that element of loss had already been fully discharged by Aetna's payment to the plaintiffs of $50,000 under its policy with Thrift (*see,* Insurance Law § 5102 [a]; *Powers v General Acc. Ins. Co.,* 109 AD2d 830, 831; *see also, Scherzi v Allstate Ins. Co.,* 60 AD2d 762).

In view of the foregoing determination, we need not reach the remaining issue raised on this appeal. O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.